## MORRIS *a.* NILES.

*New York Common Pleas; General Term, February,* 1861.

LANDLORD AND TENANT.—EVIDENCE OF DEMISE.—COMPLAINT FOR
USE AND OCCUPATION.

Payment of a quarter's rent, by a person in actual occupation, is sufficient evidence of a yearly tenancy, at the rent indicated by the payment, payable quarterly.

The contract subsisting between a lessor and lessee, is, by 1 Rev. Stat., 747, transferred to the assignee of the lessor, and, without attornment, the assignee is entitled to all rent falling due subsequent to the assignment.

The lessee cannot resist a recovery by the assignee, on the ground that the assignor notified him not to pay to the former.

In an action for use and occupation, the plaintiff need not set forth an implied demise, but may declare for use and occupation, and recover on the special facts shown.

Appeal from judgment entered on the report of a referee.

The defendant, on May 1, 1857, hired two rooms in No. 212 Broadway, New York, belonging to one Davis, who, on July 16, 1857, leased the whole building to one Knox. On the same day, Knox assigned the lease to one Russell. On August 1, 1857, the defendant paid the quarter's rent, then due, to Knox, as the agent of Russell.

On September 30, 1857, Russell assigned the lease to the plaintiff, who, on November 1, demanded the rent of the whole expired quarter from the defendant. But the defendant refused payment, on the ground that he had been notified by Knox not to pay; whereupon this action was brought.

The complaint was for use and occupation. The answer set up a joint occupation by one Hopkins and the defendant, and denied that such occupation was by permission of the plaintiff or his assignor. The evidence on the trial showed that Hopkins was not in any way liable for the rent, and occupied part of the defendant's rooms under a private arrangement with the latter.

The defendant urged, that in any event the plaintiff could not recover any thing except for the occupation from September 30 to November 1, 1857. The referee, however, gave judgment

for the whole quarter's rent from August 1 to November 1, from which judgment the defendant appealed.

*A. R. Dyett*, for appellant.

*Barrett & Brinsmade*, for respondent.

By the Court.—DALY, F. J.—The payment by Niles to Knox of the quarter's rent, accruing on August 1, 1857, Niles then being in actual occupation, was sufficient evidence of the existence of a tenancy, from year to year, at the yearly rent indicated by the payment, payable quarterly. (Richardson *a.* Langridge, 4 *Taunt.*, 128 ; Knight *a.* Bennett, 3 *Bing.*, 361 ; Bolton *a.* Tomlin, 5 *A. & E.*, 856.) When this payment was made, Knox had assigned the lease of the premises to Russell, and the quarter's rent was received by him for Russell. Before the next quarter became due, Russell assigned to the plaintiff, and Niles was notified to pay the rent for that quarter to the plaintiff, which he declined to do, and for the recovery of which this action was brought. By the 32d Henry VIII., c. 34, which has been substantially re-enacted in this State (1 *Rev. Stat.*, 747), the contract subsisting between a lessor and lessee is transferred to the assignee of the lessor. The assignee is entitled to rent accruing after the assignment, and has all the remedies for the recovery of it that the lessor had. (Moss *a.* Gallimore, *Doug.*, 278 ; Birch *a.* Wright, 1 *T. R.*, 378 ; 3 *Greenleaf's Cruise*, 508 ; *Taylor's Landlord and Tenant*, 1 ed., 216.) Formerly there must have been an attornment, but that was rendered unnecessary by the statute 4 & 5 Anne, c. 16, § 9. The interest or term which Knox had in the premises having been transferred by him to Russell and by Russell to the plaintiff, before this quarter's rent accrued, Niles was bound to pay it to the plaintiff when the plaintiff's agent demanded it.

There is nothing in the facts found to show that any such relation as that of landlord and tenant existed between Hopkins and Knox, or the subsequent assignee. Niles is the only one in respect to whom the relation of tenant can be implied, and his liability is founded upon the implied contract for the use and occupation of the premises to the 1st of May, 1858, at the yearly rent of $250, payable quarterly, entered into with Knox, all of whose interest passed by the mesne assignments to the

plaintiff, vesting in him the right to all rent accruing under the implied contract after the assignment to him on the 30th of September, 1857.

The plaintiff was not required to set forth the implied demise from Knox to the defendant, but might declare for use and occupation generally, and recover upon the special facts shown. (2 *Rev. Stat.* [5 ed., 748], 37; Pierce *a.* Pierce, 25 *Barb.*, 248.)

The judgment should be affirmed.