(36 Misc. Rep. 202.)

### THOMSON et al. v. ERSKINE.

(Supreme Court, Appellate Term. October, 1901.)

1. MORTGAGES—DEFAULT—COVENANT TO ASSIGN RENTS.

    An agreement in a bond to assign the rents to the mortgagees, the assignment to become operative in case the mortgagor defaults in the payment of principal and interest, is valid; and where such default occurs while the mortgagor is in possession they may recover of him rent accruing after notice to the tenant of such assignment.

2. SAME—RECEIVER.

    A previous provision authorizing the appointment of a receiver does not affect the validity of a prior assignment of rents to the mortgages, nor show that it was intended that the receiver should take them as against the mortgagees.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by James Thomson and others against James M. Erskine. Judgment for plaintiffs. Defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Marshall, Moran & Williams, for appellant.

Phillips & Avery, for respondents.

McADAM, J. The plaintiffs, mortgagees of real property in the city of New York, sued the defendant, tenant of the mortgagor, to recover two months' rent, on the theory of an assignment of the rent to the plaintiffs by the mortgagor. The facts are conceded. The mortgagor still owns the property. The alleged assignment is contained in the bond given by the mortgagor to the plaintiffs, and by its terms was to become operative upon default in the payment of principal or interest. Subsequent to the mort-

gagor's default, the plaintiffs notified the defendant of the assignment, and the recovery is for rent accruing after the service of the notice.

We see no reason why a mortgagor may not, if he so desires, agree with his mortgagee, and so stipulate in the bond, to assign the rents of the mortgaged property in the event of his default. "Modus et conventio vincunt legem." The fact that the bond and mortgage also authorize the appointment of a receiver does not affect the assignment. And the appellant's contention that, because the assignment immediately follows the provision for the appointment of a receiver, the parties contemplated that the rents would, on his appointment, be assigned to him, is not tenable. A receiver does not need an assignment of the rents which he is appointed to receive; and a prior assignee of the rents would have a superior title. Harris v. Taylor, 35 App. Div. 462, 54 N. Y. Supp. 864. The power of the mortgagor to make the assignment is undoubted. Moffatt v. Smith, 4 N. Y. 126; Riley v. Sexton, 32 Hun, 245; Morris v. Niles, 12 Abb. Prac. 103.

The judgment must therefore be affirmed, with costs.

Judgment affirmed, with costs. All concur.