### THOMSON et al. v. LUDLUM.

(Supreme Court, Appellate Term.   October, 1901.)

1. LANDLORD AND TENANT—RENT—ASSIGNMENT.
    The owner of premises may make a valid assignment of the rents thereof in a bond and mortgage.

2. SAME—NOTICE—ACTION BY ASSIGNEE—EVIDENCE.
    Where the assignee of rents gave notice to the tenant, and subsequently brought action against him for the rents while the tenant was in possession, evidence in the tenant's behalf that prior to the lease the landlord had agreed to heat the premises for a certain time, and that after the assignment of rent he was unable to do so, was inadmissible, no eviction being shown, and no counterclaim being pleaded.

3. SAME—PAYMENT—CONDITIONAL TENDER.
    It was no defense that the assignees refused a tender of the rent on condition that they undertake the management of the premises and furnish heat and janitor service, as they were under no obligation to do so.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by James Thomson and others against Grace D. Ludlum. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before McADAM, P. J., and MacLEAN and SCOTT, JJ.

Oakes & Van Amringe, for appellant.

Phillips & Avery, for respondents.

McADAM, P. J.   The owner of the premises occupied by the defendant as tenant executed a bond to plaintiffs for payment to them of the sum of $74,000, and as security for the indebtedness mortgaged to them the real property in which defendant's premises are situated. In the bond and mortgage the mortgagor assigned to the mortgagees the rents and profits of the premises in the event of default of payment of principal or interest. Subsequently, and in September, 1900, the mortgagor rented the premises in question to the defendant by a written lease for one year, rent payable in monthly installments in advance. In January, 1901, the owner defaulted in payment of the mortgaged indebtedness, and thereafter, on January 26th, the plaintiffs notified defendant of the assignment of the rents to them, and that defendant should pay the rents to

them, and not to any other person. The action is to recover the
installments, or rent, which became due February 1 and March 1,
1901, and at the time it was instituted defendant remained in pos-
session of the demised premises.

This court has decided that the owner of premises may make a
valid assignment of the rents thereof in a bond and mortgage.
Thomson v. Erskine, 36 Misc. Rep. 202, 73 N. Y. Supp. 166. The
pleadings were oral, and the defendant's answer was "general de-
nial; no jurisdiction; eviction." Against the objections and excep-
tions of plaintiffs, the defendant was permitted to show that, prior
to the execution of the written lease, the landlord agreed to run
the elevator at all times, and to keep the heat turned on from Oc-
tober to May 15th; that during February, 1901, the heating of all
defendant's apartments was suspended during one entire day by
reason of the inability of the landlord to provide the necessary coal;
that the defendant was subject at that time to severe attacks of
pleurisy; that she paid rent to the landlord after these occurrences
in order to preserve her health and insure heating of the rooms;
that she paid the landlord $73 in February, 1901, and that all of
said sum was spent by the landlord in operating the elevator and
producing heat; and that on the said day in February the steam heat
was not turned on, or the elevator service resumed, until she paid
said sum. The evidence thus introduced in behalf of defendant
did not constitute a defense. There was no eviction, either actual
or constructive; for, at the time suit was brought, defendant was
still in possession of the premises. If the testimony was admissi-
ble it could only be so in proving a counterclaim to the plaintiffs'
demand. But there was no counterclaim pleaded, either before or
during the trial, and plaintiffs in no manner acquiesced in treating
the alleged defense as a counterclaim. The defendant offered the
plaintiffs the rent for February and March, provided the plaintiffs
would undertake the management of the premises and furnish the
defendant with steam heat and janitor and elevator service; but
plaintiffs refused to receive the rent on these conditions, and were
under no obligation to do so.

Judgment affirmed, with costs. All concur.