JAMES THOMSON et al., Respondents, *v.* GRACE D. LUDLUM, Appellant.

APPEAL by the defendant from a judgment in favor of plaintiffs, rendered by the Municipal Court of the city of New York, tenth district, borough of Manhattan.

Oakes & Van Amringe, for appellant.

Phillips & Avery, for respondents.

McADAM, P. J.   The owner of the premises, occupied by the defendant as tenant, executed a bond to plaintiffs for payment to them of the sum of $74,000, and as security for the indebtedness mortgaged to them the real property in which defendant's premises are situated.   In the bond and mortgage the mortgagor assigned to the mortgagees the rents and profits of the premises in the event of default of payment of principal or interest. ·

Subsequently and in September, 1900, the mortgagor rented the premises in question to the defendant by a written lease for one year, rent payable in monthly installments in advance.

In January, 1901, the owner defaulted in payment of the mortgaged indebtedness and thereafter, on January twenty-sixth, the plaintiffs notified defendant of the assignment of the rents to them, and that defendant should pay the rents to them, and not to any other person.

The action is to recover the installments, or rent, which became due February 1, and March 1, 1901; and at the time it was instituted defendant remained in possession of the demised premises.

This court has decided that the owner of premises may make a valid assignment of the rents thereof in a bond and mortgage. Thomson v. Erskine, 36 Misc. Rep. 202.

The pleadings were oral, and the defendant's answer was " general denial; no jurisdiction; eviction."

Against the objections and exceptions of plaintiffs, the defendant was permitted to show that, prior to the execution of the written lease, the landlord agreed to run the elevator at all times, and to keep the heat turned on from October to May fifteenth; that during February, 1901, the heating of all defendant's apartments was suspended during one entire day by reason of the inability of the landlord to provide the necessary coal; that the defendant was sub-

51

ject at that time to severe attacks of pleurisy; that she paid rent to the landlord after these occurrences in order to preserve her health and insure heating of the rooms; that she paid the landlord seventy-three dollars in February, 1901, and that all of said sum was spent by the landlord in operating the elevator and producing heat; and that on the said day in February, the steam heat was not turned on, or the elevator service resumed until she paid said sum.

The evidence thus introduced in behalf of defendant did not constitute a defense. There was no eviction, either actual or constructive, for, at the time suit was brought, defendant was still in possession of the premises.

If the testimony was admissible it could only be so in proving a counterclaim to the plaintiffs' demand. But there was no counterclaim pleaded, either before or during the trial, and plaintiffs in no manner acquiesced in treating the alleged defense as a counterclaim.

The defendant offered the plaintiffs the rent for February and March, provided the plaintiffs would undertake the management of the premises and furnish the defendant with steam heat and janitor and elevator service; but plaintiffs refused to receive the rent on these conditions, and were under no obligation to do so.

MacLean and Scott, JJ., concur.

Judgment affirmed, with costs.