SULLIVAN v. ROSSON et al.　(No. 6758.)

(Supreme Court, Appellate Division, First Department.　February 5, 1915.)

MORTGAGES (§ 199*)—RIGHTS TO RENTS—PRIORITIES—ASSIGNMENTS—RECEIVERS.

　　A senior mortgagee, whose mortgage provides that, in an action to foreclose it, its holder shall be entitled, without notice and without regard to adequacy of the security, to appointment of a receiver of the rents, and said "rents　*　*　*　are hereby, in the event of any default,　*　*　* assigned to the holder of this mortgage as further security for the payment of said indebtedness," thus assigning the rents to him on default, without entry and without the appointment of a receiver, is on default entitled to the rents against a junior mortgagee, in whose action to foreclose a receiver of the rents was appointed.

　　[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 513–525; Dec. Dig. § 199.*]

　　Ingraham, P. J., and Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by Hannah Sullivan against Thomas Rosson and others. From an order passing and allowing the accounts of a receiver appointed in said action, and directing him to pay over the moneys remaining in his hands to plaintiff, James E. March appeals. Modified and affirmed.

See, also, 148 N. Y. Supp. 611.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Louis Frankel, of New York City, for appellant.
Otto A. Samuels, of New York City, for respondent.

LAUGHLIN, J.　This is an action to foreclose a mortgage for $7,000 on three parcels of real estate.　A receiver of the rents, issues, and profits was appointed herein on the application of the plaintiff on the 13th day of August, 1913.　On the 14th day of July, 1914, a final judgment foreclosing a first mortgage on one of the parcels was duly entered, pursuant to which the parcel was sold, producing a surplus of $75, which was paid into court.　The appellant holds two mortgages on the same parcel, one a second mortgage for $4,000, and the other a third mortgage for $1,000, both senior to plaintiff's, which was a fourth mortgage.　The fact does not specifically appear, but it is fairly to be inferred that all the mortgagees were parties to the foreclosure of the first mortgage, and that by the judgment therein the liens of all the other mortgages have been cut off.　The appellant was not made a party to this action, and had no notice of the application for the appointment of the receiver.　It does not appear that it has been prosecuted to a sale of the other parcels, or that there has been any deficiency judgment entered herein, and the contrary is fairly to be inferred.

　　The order appointing the receiver authorized him to pay interest on prior liens and any principal due or that might grow due.　The second mortgage held by appellant became due and payable prior to the commencement of this action, and his third mortgage, together with inter-

est thereon, became due and payable during the pendency of the action, and there was a default in the payment of both principal and interest prior to the application for the appointment of the receiver. The order appointing the receiver did not authorize the application of the rents to the payment of the indebtedness of the plaintiff, but merely to the payment of any deficiency judgment that might be entered herein. The appellant's mortgages were duly recorded, and plaintiff was chargeable with notice of the provisions thereof. The receiver petitioned for the settlement of his accounts with respect to this parcel, and on that application both the plaintiff and the appellant claimed the surplus over and above the receiver's fees and an allowance for counsel, which was $1,728.34, and the court awarded it to the plaintiff.

I am of opinion that the appellant was entitled to the application to the payment of his mortgage of the surplus in the hands of the receiver, so far as necessary. The provisions of the plaintiff's mortgage under which the receiver was appointed are set forth in the record as follows:

"Third. And it is hereby expressly agreed that the whole of said principal sum shall become due at the option of the said party of the second part after default in payment of any tax or assessment thirty days after notice and demand. That the said parties of the first part will execute any further necessary assurance of the title to the mortgaged premises, and will further warrant said title, and the said party of the second part shall have the right forthwith that in such default to enter upon and take possession of the said mortgaged premises and receive the rents, issues, and profits thereto and apply the same, after payment of all necessary charges and expenses, on account of the principal and interest of this bond and the mortgage accompanying the same, and the said obligee and her legal representatives or assigns shall be at liberty and have the right immediately after any such default upon the complaint filed, or any other legal proceeding commenced for the foreclosure of said mortgage, to apply for and shall be entitled as a matter of right, and without regard to the value of the premises, or the solvency or the insolvency of said obligors, or of any owner of the mortgaged premises, and upon ten days' notice to said obligors, heirs, or assigns, in any court of competent jurisdiction, to have granted a receiver of the rents, issues, and profits of the said mortgaged premises, with power to lease said premises for a term to be provided by the court, with power to pay taxes and assessments and water rents which are or may become a lien on said premises, and keep same insured and with power to take proceedings to dispossess tenants and make all necessary repairs and with such other powers as may be deemed necessary, who, after deducting all charges and expenses attending the execution of the said trust as receiver, shall apply the residue of said rents and profits to the payment and satisfaction of this mortgage and the bond accompanying the same, or to any deficiency which may arise after applying the proceeds of the sale of said premises to the amount due, including interest and costs and expenses of the foreclosure and sale."

If the provisions of the appellant's mortgage were the same, then, under the well-settled rule sustained by the authorities upon which respondent relies, the appellant, having failed to have the receivership extended to his mortgage, would not be entitled to the rents collected by the receiver, for where an assignment of rents does not take effect until the mortgagee takes possession, or the mortgagee becomes entitled thereto only on the appointment of a receiver, a junior mortgagee may, by diligence in having a receiver appointed, obtain a specific lien upon the rents and thereby obtain a right thereto superior to a senior

mortgagee to whose mortgage the receivership has not been extended, and in such case authority from the court to the receiver to pay prior liens or to keep the premises in repair is ordinarily deemed permissive only and not mandatory. Madison Trust Co. v. Axt, 146 App. Div. 121, 130 N. Y. Supp. 371; Abrahams v. Berkowitz, 146 App. Div. 563, 131 N. Y. Supp. 257; Ranney v. Peyser et al., 83 N. Y. 1; Washington Life Ins. Co. v. Fleischauer, 10 Hun, 117; Kroehle v. Ravitch, 148 App. Div. 54, 132 N. Y. Supp. 1056. See, also, Bradley & Currier Co. v. Hofmann, 70 App. Div. 77, 74 N. Y. Supp. 1076. By the provisions of the appellant's mortgage for $1,000 as I construe them, however, the rents were assigned to him upon default, without entry and without the appointment of a receiver. They are as follows:

"Sixth. The holder of this mortgage, in any action to action to foreclose it, shall be entitled, without notice and without regard to the adequacy of any security for the debt, to the appointment of a receiver of the rents and profits of said premises; and said rents and profits are hereby, in the event of any default or defaults in paying said principal or interest, assigned to the holder of this mortgage as further security for the payment of said indebtedness."

It is entirely competent for the owner of premises to assign rents to accrue therefrom in the future, and the assignee, without taking possession and without the attornment to him by the tenant, is entitled thereto and may maintain an action to recover the same, regardless of whether or not he has a right to re-enter or to have a receiver appointed. Section 223, Real Property Law; McAdam on Landlord and Tenant (4th Ed.) vol. 1, § 237; Morris v. Niles, 12 Abb. Prac. 123; Thomson v. Erskine, 36 Misc. Rep. 202, 73 N. Y. Supp. 166; Harris v. Taylor, 35 App. Div. 462, 54 N. Y. Supp. 864; Moffatt v. Smith, 4 N. Y. 126; Riley v. Sexton, 32 Hun, 245; Van Rensselaer v. Hays, 19 N. Y. 68–83, 75 Am. Dec. 278. Such an assignment may be made by a bond and mortgage, and may be limited to the rents to become due and payable after default, and therefore the appellant became entitled thereto without applying for a receivership or for the extension thereof and without entry. McAdam on Landlord and Tenant, supra; Thomson v. Erskine, supra. The clause of the mortgage giving the appellant the right in a foreclosure action to the appointment of a receiver, which would have given him a specific lien upon the rents and would have tended to insure the collection thereof, does not affect the validity of his assignment or limit the assignment to cases in which a receiver has been so appointed. A receiver to collect rents needs no assignment thereof to authorize him to perform the duties for which he is appointed. Manifestly the two provisions are independent and were intended to confer different rights. The assignment of rents might sufficiently protect the mortgagee without a receivership, and then again, if the tenants were not responsible or would not recognize his right, he might require a receivership to collect rents and to dispossess those refusing or neglecting to pay and to obtain others.

The appellant, on account of his ownership of the mortgage for $4,000, shows no right to the rents. If he intended to assert a claim to the rents under that mortgage, he should have had the receivership extended to his mortgage before the rents were collected. His counsel

argues that, inasmuch as the order appointing the receiver only authorizes the application of the .rents to the payment of any deficiency judgment recovered by the plaintiff, the court could not, until after a sale, direct the payment of any of the rents to the plaintiff. The provisions of the order were made for the benefit and protection of the plaintiff; and since the appellant has no interest in the rents, he cannot be heard to say that the court shall not in effect modify its order and authorize the application of the rents to the payment of the plaintiff's mortgage.

Counsel for appellant also contends that, inasmuch as the plaintiff's mortgage covered other parcels, and appellant's $4,000 mortgage only covers the single parcel in question, plaintiff should be required to proceed to a foreclosure and sale of the other parcels, and that the rents collected from the parcel in question should only be appropriated to the payment of any deficiency judgment recovered by the plaintiff after the application of the rents collected from the other parcels. That question is not presented for decision by this appeal, because the appellant has no interest, by virtue of his mortgage for $4,000, in the rents collected, the distribution of which is directed by the order, and he is not a party to the action.

It follows that the order should be modified, with $10 costs and disbursements to the appellant, by providing for the application of the surplus in the hands of the receiver to the payment of appellant's mortgage for $1,000, and for the payment of the remainder to the plaintiff, and, as so modified, affirmed.

McLAUGHLIN, J., concurs. SCOTT, J., concurs in Harris v. Taylor, 35 App. Div. 463, 54 N. Y. Supp. 864. INGRAHAM, P. J., and DOWLING, J., dissent.