In re JARMULOWSKY.

Ex parte WOLF & POUKER.

(District Court, S. D. New York. April 12, 1915.)

BANKRUPTCY ⊚⇒116—MORTGAGES ⊚⇒199—RENTS—RIGHTS AS AGAINST RECEIVER IN BANKRUPTCY.

A real estate mortgage provided that, if default should be made, the rents and profits arising from the land were assigned to the mortgagee, who might enter or apply for a receiver. *Held* that, under the law of New York, the mortgagee was entitled to rents which became due and were collected by a receiver in bankruptcy after default on the mortgage,

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

although the mortgagee had not applied for a foreclosure receiver or for an order of sequestration.

[Ed: Note.—For other cases, see Bankruptcy, Dec. Dig. ☞116; Mortgages, Cent. Dig. §§ 513–525; Dec. Dig. ☞199.]

In Bankruptcy. In the matter of Meyer Jarmulowsky, bankrupt. On petition by Wolf & Pouker for the payment of rents collected from mortgaged premises. Petition granted.

This is an application by a mortgagee against a bankruptcy receiver for an order directing the receiver to pay to him rents which had fallen due, and had been collected, after default upon the mortgage, but before the mortgagee had applied either for a foreclosure receiver, or for a sequestration order of the rents for his benefit. The mortgage contained these clauses:

"Fifth. That if default shall be made in the payment of the principal sum mentioned in the said bond, or of any installment thereof, or of the interest which shall accrue thereon, or of any part of either, at the respective times therein specified for the payment thereof, the said mortgagee shall have the right forthwith, after any such default, to enter upon and take possession of the said mortgaged premises, and to let the said premises, and receive the rents, issues, and profits thereof, and to apply the same, after payment of all necessary charges and expenses, on account of the amount hereby secured, and said rents and profits are in the event of any such default hereby assigned to the mortgagee.

"Sixth. And the mortgagee shall also be at liberty, immediately after any such default, upon proceedings being commenced for the foreclosure of this mortgage, to apply for the appointment of a receiver of the rents and profits of the said premises without notice, and the mortgagee shall be entitled to the appointment of such a receiver as a matter of right, without consideration of the value of the mortgaged premises as security for the amounts due the mortgagee, or the solvency of any person or persons liable for the payment of such amounts."

Ralph Wolf, of New York City, for mortgagee.
Norman M. Behr, of New York City, for receiver.

LEARNED HAND, District Judge (after stating the facts as above). This question depends entirely upon the law of the state of New York as to whether a mortgagee's title to rents of realty after default is good against the creditors of the mortgagor, where the mortgage contains an assignment of rents to become effective on default. As between the bankrupt and the mortgagee the agreement would, of course, be valid, and it would seem that the creditors should stand in no better position than the bankrupt, except by virtue of some statute or rule forbidding secret liens. No such rule exists so far as I know, nor any reason why the agreement should not be carried out.

It must be admitted that the law is in some doubt upon the question when it arises between successive mortgagees. The last case is Sullivan v. Rosson, 166 App. Div. 68, 151 N. Y. Supp. 613, in which the Appellate Division for the First Department decided by a vote of three to two that an agreement like that at bar prevailed over the right of a junior mortgagee, who had secured a receiver in a foreclosure suit. Harris v. Taylor, 35 App. Div. 462, 54 N. Y. Supp. 864, also by a di-

vided court, held the same thing when the agreement authorized the mortgagee to collect the rents from the outset. Thomson v. Erskine, 36 Misc. Rep. 202, 73 N. Y. Supp. 166, a decision of Justice McAdam for the Appellate Term, held the same thing as Sullivan v. Rosson, supra. Judge Hough,.in Re Banner (D. C.) 149 Fed. 936, made a contrary ruling in a bankruptcy case; but he distinguished Harris v. Taylor, supra, because the condition in that case applied from the outset. This decision was before Sullivan v. Rosson, supra, which, though not authoritative, is as near an exposition of the state law as is available.

It does not seem to me that the same question is presented here as in cases between a mortgagee in possession and a mortgagee with an assignment in his mortgage; but, if it be, then I think I should follow the last decision of the state court. The amount at stake does not justify an action in the state court.

The petitioner may take his order.