In re ISRAELSON.

In re LYNCH.

(District Court, S. D. New York. January 13, 1916.)

1. MORTGAGES ⊂⟩199(2)—CONSTRUCTION—RENTS—ASSIGNMENT.

A clause in a mortgage, providing that in the event of default the mortgagees should have the right to take possession of the premises and receive the rents and profits therefrom, and "in the event of any such default such rents and profits are hereby assigned to the mortgagees as further security for the payment of the said indebtedness," authorizes the mortgagees to collect the rents only after taking possession of the property, not while permitting it to remain in the possession of the mortgagor after default.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 513; Dec. Dig. ⊂⟩199(2).]

2. COURTS ⊂⟩368—RULES OF DECISION—DECISION OF STATE COURT.

A decision of a state court construing a clause of a mortgage assigning rents and profits to the mortgagees as operating only after the mortgagee takes possession of the premises after default *held* controlling on the federal court in construing a clause similar in purport and substantially similar in phraseology, rather than a later state decision construing an assignment clause not so similar.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 951; Dec. Dig. ⊂⟩368.]

In Bankruptcy. In the matter of Jacob Israelson, bankrupt. Application of William J. Lynch, as receiver of the rents and profits, appointed in proceedings in the state court to foreclose a mortgage, for an order requiring the receiver in bankruptcy to pay over rents collected by him. Application denied.

Peter Eagan, of New York City, for receiver Lynch.

Murray, Prentice & Howland, of New York City, for mortgagees.

Stern, Barr & Tyler, of New York City (Henry C. Moses, of New York City, of counsel), for receiver in bankruptcy.

MAYER, District Judge. Israelson was petitioned into bankruptcy, and on November 18, 1915, Henkel was appointed receiver by this court and duly qualified. Thereafter the Messrs. Rusch commenced an action in the New York Supreme Court to foreclose a mortgage on certain premises owned by the alleged bankrupt, and Henkel was duly made a party defendant in that action. On December 21, 1915, Lynch was duly appointed receiver of the rents and profits in the foreclosure action and duly qualified. Lynch now asks that Henkel be required to pay over to him the rents collected by Henkel up to the date of Lynch's appointment.

[1, 2] On October 22, 1911, the bankrupt defaulted in the payment of the principal sum due under the terms of the bond and mortgage and has defaulted in the payment of interest. Apparently the bankrupt remained in possession of the premises until the appointment of Henkel, and since October 22, 1911, has paid some installments on the principal, as well as interest up to and including July 1, 1915. The complaint in the foreclosure action alleges, as the only ground of default, the failure to pay the balance of the original principal.

⊂⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is fair to infer that the alleged bankrupt, as owner, collected the rents up to the time of the filing of the petition in bankruptcy, and that the default was allowed to remain dormant as long as interest was paid and payments on account of principal were made. The fourth paragraph of the mortgage provides:

"Fourth. That in the event of any default mentioned in article third of these covenants the said mortgagees shall have the right forthwith to enter upon and take possession of the said mortgaged premises, and to let the said premises, and receive the rents, issues, and profits, after payment of all the necessary charges and expenses, on account of the amount hereby secured, and, in the event of any such default, the said rents and profits are hereby assigned to the mortgagees as further security for the payment of the said indebtedness."

The question is whether the assignment of rents became operative at the time of the default or only upon the appointment of the state court receiver. In Abrahams v. Berkowitz, 146 App. Div. 563, 131 N. Y. Supp. 257, this precise question was before the Appellate Division of the Second Department. In that case the clause under consideration was as follows:

"That if default shall be made in the payment of the principal sum mentioned in the condition of the said bond, or of the interest which shall accrue thereon, or of any part of either, at the respective times therein specified for the payment thereof, the said mortgagee shall have the right forthwith, after any such default, to enter upon and take possession of the said mortgaged premises, and to let the said premises, and receive the rents, issues, and profits thereof, and to apply the same, after payment of all necessary charges and expenses, on account of the amount hereby secured, and said rents and profits are in the event of any such default hereby assigned to the mortgagee."

It is apparent that the clause in the mortgage in the case at bar and that discussed in Abrahams v. Berkowitz, supra, were similar in purport and substantially similar in phraseology. The expression "the said rents and profits" in each clause clearly means the rents and profits collected by the mortgagee after he has entered upon and taken possession of the mortgaged premises; and it may be here said, as it was in the Abrahams Case, that:

"It is obvious from the language used that the assignment relates only to the rents after the entry and the taking possession of the mortgaged premises."

It is now urged that the Abrahams Case has been distinguished in Sullivan v. Rosson, 166 App. Div. 68, 151 N. Y. Supp. 613 (First Division), which was decided by a divided court, and, according to counsel, is pending, by allowance, on appeal to the New York Court of Appeals. In the Sullivan Case the clause was:

"Sixth. The holder of this mortgage, in any action to foreclose it, shall be entitled, without notice and without regard to the adequacy of any security for the debt, to the appointment of a receiver of the rents and profits of said premises; and said rents and profits are hereby, in the event of any default or defaults in paying said principal or interest, assigned to the holder of this mortgage as further security for the payment of said indebtedness."

It will be noted that this clause provides, in the event of any default, that the rents and profits "are *hereby* \* \* \* assigned" and the court holds that it is competent for the owner of premises to assign rents to accrue in the future and that the assignee is entitled thereto without taking possession, regardless of whether or not he

has a right to re-enter or to have a receiver appointed. The clause in the Sullivan Case is quite different from that discussed in the Abrahams Case and in the case at bar. I think, therefore, that I should follow the Abrahams Case as authority, and, in addition, I agree with its reasoning and conclusion.

The motion is denied.