### In re BROSE.

### Petition of PECK.

(Circuit Court of Appeals, Second Circuit. November 13, 1918.)

### No. 6.

1. MORTGAGES ⬥⟹199(1)—RENTS AND PROFITS—RIGHT TO.
   The general rule is that the mortgagee is not entitled to rents and profits of the mortgaged premises until he takes actual possession, or until possession is taken in his behalf by a receiver, or until he demands and is refused possession.

2. COURTS ⬥⟹372(9)—FEDERAL COURTS—WHAT LAW GOVERNS.
   In bankruptcy proceeding arising in New York, where there was a controversy between the receiver in bankruptcy and a receiver appointed in a subsequently instituted action to foreclose a mortgage, the federal court will follow the decisions of the state court as to the rights under the mortgage; the property being in New York.

3. BANKRUPTCY ⬥⟹116—MORTGAGES—RENTS AND PROFITS—RIGHT TO.
   Where a New York mortgage provided that, in event of default, the mortgagee should have the right to enter and take possession of the premises and to receive the rents and profits, etc., *held*, that the mort-

---

⬥⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

gagee was not entitled to the rents and profits until he entered into possession or foreclosed the mortgage, and hence the receiver in bankruptcy of the mortgagor is entitled to the rents and profits collected before the mortgagee foreclosed.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Anthony Brose, bankrupt. Petition by Nathan Peck, as receiver in bankruptcy, to revise an order of the District Court directing him to pay over to a receiver in a mortgage foreclosure action rents collected, etc. Order reversed, and record remanded, with directions.

Taylor More, of New York City, for petitioner.

Gustav Lange, Jr., of New York City (Ralph Barnett and Wallace A. Kroyer, both of New York City, of counsel), for respondent.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

ROGERS, Circuit Judge. The question which is presented by this case involves the right to the rents of an apartment house owned by the bankrupt in the city of New York, and the controversy is between the trustee of the bankrupt and a receiver appointed in a foreclosure proceeding instituted by a second mortgagee, who is the petitioner. The petitioner's mortgage contains the following clauses:

"Fifth. That if default shall be made in the payment of any installment of the whole of the principal sum mentioned in the condition of the bond, or of the interest which shall accrue thereon, or any part of either, at the respective times therein specified for the payment thereof, the mortgagee shall have the right forthwith, after any such default, to enter upon and take possession of the said mortgaged premises, and to let the said premises, and receive the rents, issues, and profits thereof, and to apply the same, after payment of all necessary charges and expenses, on account of the amount hereby secured, and said rents and profits are in the event of any such default hereby assigned to the mortgagee.

"Sixth. And the mortgagee shall also be at liberty immediately after any such default, upon proceedings being commenced for the foreclosure of this mortgage, to apply for the appointment of a receiver of the rents and profits of the said premises without notice, and the mortgagee shall be entitled to the appointment of such a receiver as a matter of right without consideration of the value of the mortgaged premises as security for the amounts due the mortgagee, or the solvency of any person or persons liable for the payment of such amounts."

It appears that the bankrupt filed a voluntary petition in bankruptcy on April 30, 1917, and on May 2d there was appointed a receiver in bankruptcy of the assets, property, and effects of the bankrupt. The receiver in bankruptcy has collected the rents from the premises on which the petitioner held a second mortgage for $10,000, which mortgage was long overdue, being due and payable on December 7, 1910. For reasons not necessary to state the second mortgagee took no steps to foreclose his mortgage until November 27, 1917, when he commenced an action in the Supreme Court of the state of New York for the county of New York and obtained the appointment of a receiver on December 1, 1917. Then on January 2, 1918, the mortgagee filed a petition in the bankruptcy court, in which he asked for an order directing that the rents collected by the receiver in bankruptcy

be used for paying the taxes and assessments. upon the property, as well as the principal and interest due under the mortgage. He also asked that future rents be payable to the receiver appointd in the foreclosure proceedings, and that possession of the premises be also turned over to that receiver. The District Judge thereupon entered an order directing the receiver in bankruptcy to pay over, to the receiver in the foreclosure action, all of the rents which he had collected, irrespective of the time or times when such rents had been collected by him less his expenses and disbursements incurred in the maintenance of the premises, and to turn over the possession of the premises. The order he directed to be entered was not in accordance with the opinion which he had previously filed in the case, in which he held that the rents previously collected should not be turned over. The explanation made is that, after filing his opinion, his attention was directed to the case of Sullivan v. Rosson, 166 App. Div. 68, 151 N. Y. Supp. 613, in which the Appellate Division of the Supreme Court of the state of New York of the First Department, in construing a similar mortgage, had held that the rent clause entitled the mortgagee to the rents upon default without entry and without the appointment of a receiver. In reliance upon that decision he signed the order now sought to be revised.

There is no doubt what the general rule is relating to clauses in a mortgage giving the mortgagee the right to take the rents in terms similar to those used in the mortgage herein involved.

[1] It was stated by the Supreme Court in Freedman's Saving Co. v. Shepherd (1888) 127 U. S. 494, 502, 8 Sup. Ct. 1250, 1254 (32 L. Ed. 163), when Mr. Justice Harlan, writing for the court, said, citing cases:

"The general rule is that the mortgagee is not entitled to the rents and profits of the mortgaged premises until he takes actual possession, or until possession is taken, in his behalf, by a receiver, * * * or until, in proper form, he demands and is refused possession."

This general rule the federal courts will follow, except in cases where it appears that the law of the state where the premises are situated applies a different rule.

[2, 3] The mortgage, the meaning of which is involved here, is a New York mortgage, and if the New York courts have determined its meaning this court must give the same meaning to its words which would be given to them by the courts of that state.

The question involved herein does not appear heretofore to have been before this court. It has, however, been before the District Court of the Southern District, with the result that conflicting decisions have been rendered.

In 1907 the District Court held in In re Banner, 149 Fed. 936, that a provision in a mortgage, following the usual one giving the mortgagee a right to a receiver of rents and profits in case of default, operated merely as a pledge of the rents, and that the pledgee was not entitled to them until he asserted his right in some legal form, as by an application for a receiver and a demand by such receiver. The decision was rendered by Judge Hough, then District Judge, but now of this court. So in 1916, in In re Israelson (D. C.) 230 Fed. 1000,

the question was whether under such a mortgage clause the assignment of rents became operative at the time of the default, or only upon the appointment of the state court receiver, and it was held by Judge Mayer that the clause only authorized a mortgagee to collect the rents after taking possession of the property, and not while he permitted it to remain in the possession of the mortgagor after default. In 1915 the question came before Judge Learned Hand in In re Jarmulowsky (D. C.) 224 Fed. 141, 35 Am. Bankr. Rep. 514. A mortgagee asked for an order directing a receiver in bankruptcy to pay to him rents which had been collected after default, but before the mortgagee had applied either for a foreclosure, receiver, or for a sequestration order; and the receiver in bankruptcy was directed to pay over the rents which he had so collected.

In all the cases in the Southern District the principle has been conceded that the question involved arising under a New York mortgage should be determined in accordance with New York law. The difficulty has been to determine what the law of that state upon the subject is. That difficulty has now been cleared up by a recent decision of the New York Court of Appeals in the case of Sullivan v. Rosson, 223 N. Y. 217, 119 N. E. 405, which reversed the decision made by the Appellate Division to which reference has already been made, and upon which the District Judge relied. A fourth mortgage in that case provided that in case of default the mortgagee should have the right forthwith "to enter upon and take possession of the said mortgaged premises, and receive the rents, issues, and profits thereof, and apply the same after payment of all necessary charges and expenses on account of the principal and interest," etc. It also expressly gave the mortgagee the right upon default to have a receiver of the rents, issues, and profits of the mortgaged premises, with power to pay taxes and assessments and to keep the premises insured, and after deducting all charges and expenses apply the residue of the rents to the payment and satisfaction of the mortgage. The plaintiff was the owner of this fourth mortgage, and had applied for and obtained the appointment of a receiver in her behalf. A second mortgage on the same premises contained a clause providing that upon default the mortgagee should have the right forthwith to enter upon and take possession of the premises and let the same, "and receive the rents, issues, and profits thereof," etc.; and a third mortgage provided that the mortgagee should be entitled, in any action to foreclose, to the appointment of a receiver of the rents, and that "the rents and profits in the event of any default hereby" are assigned to the holder of the mortgage as further security for the payment of the indebtedness. The owner of the second and third mortgages had not sought to collect the rent, either by voluntary payment with the consent of the mortgagor or through a receiver, but claimed the rents in the hands of the plaintiff's receiver. The order appointing such receiver had never been modified or in any way extended for his benefit; and the court held that the holder of the senior mortgages was not then entitled to appropriate the proceeds of the diligence of the junior mortgagee. The court said that a mortgage of real property is but a pledge of property as security

for a debt, and that an assignment of rent of the character above described is of the like character as the transfer of the real property, and that a mortgagee desiring to obtain such rents to apply upon his mortgage should actually possess himself of them or of the right to them through some mutual arrangement therefor, or he should make application to the court to have the receivership extended for his benefit. The court in its opinion refers approvingly to the decision of the Supreme Court in Freedman's Case, supra. The case clearly settles the law of New York upon this subject, and establishes the principle that such a clause in a New York mortgage as is here·n involved operates merely as a pledge of the rents, to which the pledgee does not become entitled until he asserts his right.

In view of that decision, this court holds that the receiver in bankruptcy herein is entitled to retain in his possession all rents due and collected by him prior to the time when the receiver appointed in the foreclosure proceedings acquired the right to possession of the premises by the entry of the order of his appointment on December 10, 1917.

The order complained of is hereby reversed, with costs, and the record remanded to the District Court, with directions to proceed in accordance with this opinion.