## COLONIAL TRUST CO. v. STONE HARBOR ELECTRIC LIGHT & POWER CO.

(District Court, D. New Jersey. April 19, 1922.)

Corporations ⊂═▷478—Pledge of rents, issues, and profits of corporation entitles mortgagee to subsequently acquired accounts receivable.

Where a mortgage securing corporate bonds pledged, not only all the property of the corporation, but also the rents, issues, and profits thereof, it covered personal property acquired by the corporation subsequent to the mortgage, so that execution could not be levied on accounts receivable by the corporation after a receiver had been appointed in proceedings to foreclose the mortgage, though, if the mortgage had not pledged after-acquired property, the mortgagee would have no better right to them than an unsecured creditor, and the creditor first levying thereon would possess.

In Equity. Suit by the Colonial Trust Company, trustee, against the Stone Harbor Electric Light & Power Company. On petition of the receiver to restrain the sheriff of Cape May county from levying on property of the defendant corporation an execution issued in favor of Annie Kerr against the corporation. Injunction issued.

Walter Carson, of Camden, N. J., for receiver.
Ott & Carr, of Camden, N. J., for judgment creditor.

BODINE, District Judge. The receiver of the defendant company appointed in a foreclosure suit applies for an injunction to restrain the defendant, Annie Kerr, a judgment creditor, and the sheriff of Cape May county from interfering with his possession. The mortgage is ·

---

⊂═▷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the ordinary trust mortgage, giving the trustee a right to foreclose upon default. Default occurred in 1917, but the foreclosure proceeding was not instituted until the 2d of December last, when the receiver was appointed. He shortly thereafter qualified. On the same day that he was appointed Annie Kerr recovered a judgment in the Cape May county circuit court, and on the 23d day of December an execution was issued and a levy made by the sheriff upon the property of the defendant, particularly upon certain accounts receivable which had accrued since the default in the mortgage, but prior to the appointment of the receiver. The accounts were for electric power furnished to certain municipalities.

The sole question for the determination of the court is whether the sheriff had a right, under the circumstances, to levy upon accounts receivable for electric power furnished by the defendant company subsequent to default and prior to the appointment of the receiver. The mortgage, so far as pertinent, provides as follows:

"Together with any and all lands, tenements, real estate, building, rights of way, poles, wires, cables, conduits, machinery, appliances, equipment, corporate rights, franchises, including a right to be a corporation, rentals, income, and real and personal property of every sort and description, and all revenues, issues, profits, effects, rights, credits, and income from the operation of its franchises or conduct of its business, now owned or possessed, or hereafter acquired, by or from any means or source whatever. Also together with all and singular the improvements, ways, rights, liberties, privileges, hereditaments, and appurtenances to the above-mentioned property belonging, or in any wise appertaining, and the reversion and remainders, rents, issues, and profits thereof, and all the estate, right, title, property, claim, and demand whatsoever of the said electric company, and its successors and assigns, of, in, and to the same and every part thereof.

"That until the maturity of said bonds, or until default shall be made in respect to some covenant herein required to be preserved, performed, or kept by it, the said electric company shall be suffered and permitted to possess, manage, operate and enjoy the lands, premises, rights of way, poles, wires, cables, conduits, machinery, equipment, appliances, and real and personal property hereinbefore referred to, and every part thereof, with the appurtenances, and to take and use the income, receipts, revenues, rents, issues, and profits thereof, in the same manner and with the same effect, as if this mortgage had not been made, except as herein otherwise provided. That until default shall be made in the payment of the interest on the bonds secured by this indenture, as may be due and payable under the terms and conditions hereof, the said electric company shall be suffered and permitted to possess, manage, operate, and enjoy the lands, premises, rights of way, poles, wires, cables, conduits, machinery, real and personal property hereinafter referred to and every part thereof, with the appurtenances, and to take and use the income, receipts, revenues, rents, issues, and profits thereof, in the same manner and with the same effect as if this mortgage had not been made, except as herein otherwise provided."

It was held by this court in Pierce v. Bound Brook Engine & Manufacturing Co. (D. C.) 274 Fed. 221, that the provisions of a mortgage somewhat similar to the above were sufficient to cover after-acquired personal property including things in action. That case rested upon Mr. Vice Chancellor Leaming's decision in Buvinger v. Evening Union Printing Co., 72 N. J. Eq. 321, 65 Atl. 482.

The judgment creditor contends that the mortgagee and the receiver appointed at the instigation of the mortgagee have no rights to the ac-

counts receivable arising prior to the taking possession of the property by the receiver. The New Jersey case of Stewart v. Fairchild Baldwin Co., 108 Atl. 301, is cited. Counsel has, however, overlooked the distinction which Mr. Justice Trenchard, in writing the opinion of the court in that case, made when the mortgage, as here, expressly pledges the rents, issues, and profits of the mortgaged premises as further security for the payment of the debt.

Certainly, if there is no pledge in the mortgage of after-acquired things in action, the mortgagee has no better right to them than an unsecured creditor, and a creditor first having levied would possess; but, where the mortgage expressly pledges after-acquired rights of action, the mortgagee would seem to be entitled thereto by virtue of the agreement, unless some statute or rule of law forbade. In re Jarmulowsky (D. C.) 224 Fed. 141. The case of American Bridge Co. v. Heidelbach, 94 U. S. 798, 24 L. Ed. 144, Freedman's Saving Co. v. Shepherd, 127 U. S. 494, 8 Sup. Ct. 1250, 32 L. Ed. 163, and Myers v. Brown (N. J. Ch.) 112 Atl. 844, are cases in which there was either no pledge of after-acquired rights in action or the mortgagee had not taken possession as here.

In Commercial Trust Co. of New Jersey v. Drayton, 90 N. J. Eq. 264, 105 Atl. 241, Mr. Justice Kalisch held that a mortgagee of chattels could recover from a trustee in bankruptcy accounts receivable collected. The same rule would seem to apply here, where the sheriff and a judgment creditor are interfering with a mortgagee in possession through a receiver, of accounts pledged under the precise language of the contract of mortgage.

Let an injunction issue in accordance with the prayer of the petition.