Ralph F. Izzo, Plaintiff, *v.* Harry McKay et al., Defendants.

(Supreme Court, Kings Special Term, March, 1920.)

Foreclosure — mortgages — receivers — judgments — supplementary proceedings — motions and orders.

> Where on motion of the plaintiff in an action to foreclose a second mortgage a receiver of the rents was appointed but the receivership was never extended to the first mortgage, the senior mortgagee is not entitled to a preference of payment of his deficiency out of the rents in the hands of the receiver.

> Upon a motion to settle the accounts of the receiver payment of the amount of the second mortgage with interest and the costs of the action will be first directed, and after payment of a judgment against the mortgagor pursuant to an order in supplementary proceedings which reached moneys not subject to any lien of the first mortgage, the balance will be directed to be paid to the senior mortgagee.

Motion to settle account of receiver of rents in foreclosure.

Belfer & Belfer, for motion.

Edward J. Flanagan, opposed.

Kapper, J. No claim is made that the receiver's account should not be settled. The contest is, whether or not the first mortgagee is entitled to be paid his

deficiency out of the rents in the hands of the receiver. Enough is on hand to pay that deficiency, but the objection is that said first mortgagee is not entitled to any part of the collections made by the receiver for the reason that the receiver was appointed upon the application of the second mortgagee, and that the receivership has never been extended to the first mortgage. I think that as between the first and second mortgages the claim of the first mortgagee cannot prevail. If a senior mortgagee desires to obtain the rents of the mortgaged property during the pendency of an action to foreclose the mortgage, he should make application to the court either for a receiver or, if one has been granted on the motion of a junior mortgagee, to have the receivership extended for his benefit. This the first mortgagee did not do, and his failure to take any action leaves him in the same position as though no receiver had ever been appointed, or, as said by the Court of Appeals: " His failure to take any action would, or might have been as serious to him if the receiver had never been appointed as he now claims it will be if the money in the hands of the receiver is not paid to him as mortgagee. He is not now entitled to appropriate the proceeds of the diligence of the junior mortgagee." *Sullivan* v. *Rosson,* 223 N. Y. 217, 225. In so far, therefore, as concerns the rights of the first and second mortgagees the second mortgagee must prevail, and the amount of that mortgage with interest, together with the costs of the foreclosure action as taxed, must be paid to said second mortgagee. As to the payment of the judgment pursuant to the order in supplementary proceedings, that order reached moneys which were not subject to any lien of the first mortgagee, and the diligence of that judgment-creditor must be rewarded by sustaining that payment. The receiver is allowed seventy-five dollars for his fees and twenty-

five dollars for his counsel fee. The balance I direct shall be paid to the first mortgagee, rather than to the owner of the equity of redemption. This right seems to me to be upheld in *Vogel* v. *Nachemson,* 137 App. Div. 200; affd., 199 N. Y. 535. As to the last mentioned respective rights, I do not think the *Vogel Case, supra,* is overruled by *Sullivan* v. *Rosson, supra.*

Ordered accordingly.