MARY KAUFMAN and Another, Plaintiffs, *v.* JACOB EISENBERG and Others, Defendants.

MAX USDAN, Claimant, Appellant; ROBERT TIGER and Others, Claimants, Respondents.

First Department, July 2, 1924.

**Mortgages — foreclosure — surplus money — priority of claims to rents and profits collected by receiver — determination of priority to surplus money received on sale not determination of rights of claimants in rents and profits based on assignment — priority not determined by priority of assignment of rents — assignment is merely pledge and not effective until asserted.**

The determination in surplus money proceedings in foreclosure of the priority of mortgage, mechanic's lien and judgment creditors, is not an adjudication as to the priority in rents and profits, collected by the receiver, of a judgment

creditor who relies on assignment of rents to establish his claim to priority. An assignment of rents to protect one who loaned money to the mortgagor and who subsequently secured a judgment, does not give the claimant priority over a mortgage executed and recorded subsequent to the said assignment, but prior to the judgment, since the assignment amounts to nothing more than a pledge of the rents to which the pledgee does not become entitled until he asserts his rights in some legal form and endeavors to reduce the pledge to possession, and, therefore, the mortgage having been given prior to the rendition of the judgment, it is entitled to priority.

APPEAL by the claimant, Max Usdan, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of April, 1924, confirming the report of a referee fixing the priorities with respect to a certain fund in the hands of the receiver in foreclosure.

*Shapiro & Witte* [*Samuel Witte* of counsel], for the appellant.

*Jacob S. Blatt,* for the respondent Robert Tiger.

*Raphael Davis,* for the respondents Davis and Marx.

MARTIN, J.:

On or about April 1, 1921, Eisenberg Realty Corporation, a defendant herein, became the owner of the building and premises No. 450 Audubon avenue, borough of Manhattan, city of New York.

This action was begun August 2, 1922, to foreclose a second mortgage on said premises and on the same day a receiver was appointed " for the benefit of the plaintiffs " of the rents and profits of the premises, pursuant to a clause in the mortgage providing for the appointment of such receiver.

The action proceeded to judgment and the premises were sold, realizing a surplus of $23,247.79. Surplus money proceedings were then instituted by Choice Building Corporation, the holder of two mortgages subsequent to the one foreclosed, for $12,000 and $18,000, respectively, on which there remained unpaid with interest the aggregate amount of $16,322.25. A referee was appointed to ascertain and report the priorities of the claims to that fund.

The referee in his report recites that the amount of this surplus is as shown by the certificate of the city chamberlain filed April 5, 1923. At that time the receiver's account had not been settled and the money collected by the receiver was not paid to the chamberlain until after April 24, 1923. The referee in the surplus money proceedings was concerned only with determining the amount and priority of the claims to the surplus proceeds of sale of the land, and did not attempt to determine the rights of claimants to the rents and profits collected by the receiver.

The surplus money proceedings were concluded and the referee's

report confirmed by an order which modified the conclusions of the referee in some respects and which resulted in establishing priorities so far as we are now concerned, in the following order:

1. Choice Building Corporation — two mortgage liens.
2. Samuel Weinpress — mechanic's lien.
3. Louis Schwartz — mechanic's lien.
4. State Discount Corporation — special lien on the land by the terms of an instrument assigning the rents, and found by the referee and court to create a lien on the land. ·
5. Robert Tiger — mortgage lien.
6. Davis and Marx — judgment lien.
7. Samuel Levine — judgment lien.
8. Max Usdan (the appellant in this **proceeding**) — **judgment** lien (not based on assignment of rents).
9. Regal Finance Corporation — judgment lien.
10. Peerless Coal Company — judgment lien.

For the reason that the surplus was insufficient to pay lienors Nos. 5 to 10 in the above order, it did not direct any distribution among those claimants.

By an order entered September 4, 1923, the order of distribution in that proceeding was resettled so as to provide that the order " is made without prejudice to the other claimants herein who will share or participate in another fund arising from the collection of rents by the receiver of the mortgaged premises under or in relation to which an order was made in this action dated April 24, 1923, referring it to Saul J. Baron, as referee to determine claims thereto." This quotation refers to the fund of $11,470.16 rents and profits collected by the receiver in this action, which fund is directed to be distributed by the order appealed from herein. '

Prior to the entry of the order of September 4, 1923, the receiver had collected and was, by said order of April 24, 1923, directed to pay to the city chamberlain a fund made up of rents and profits of the premises. By the same order Saul J. Baron was appointed referee " to take testimony of the interests of the creditors or persons claiming or having an interest in the fund on deposit with the city chamberlain."

Claims were asserted before the referee so appointed to this fund, consisting of rents and profits by lienors numbered 5, 6, 7, 8, 9 and 10 above and also by David Levine. No claim was made by the owner of the equity of redemption. On the hearing before that referee the claim of David Levine was conceded by all parties as entitled to priority and, in all other respects, the referee adhered to the order of priority established out of the reference in the surplus proceedings.

The referee's report and such order of priority were confirmed by an order entered April 10, 1924, and, after directing payments thereunder up to and including the Davis and Marx judgment, nothing remained to pay the remaining claimants.

Max Usdan appealed. He asserts that by virtue of an assignment of rents for August and September, 1922, his claim is entitled to priority over the Tiger mortgage and the Davis and Marx judgment.

The instrument under which the appellant Usdan asserts priority was executed and delivered April 17, 1922, and contains recitals describing it as " this assignment of rents," but the language used as to rents is as follows:

" IT IS FURTHER AGREED that should said note with the interest thereon not be paid on the due date thereof, then and in that event, Jacob Eisenberg does hereby give the said Max Usdan, his executors, administrators and assigns, full power and authority for his or their own use and benefit at the cost and expense of Jacob Eisenberg to ask, demand, collect, receive, bound and give acquiescence for the rents, which become due to Jacob Eisenberg for the months of August and September, 1922, in the premises 450 Audubon Avenue, described as aforesaid, and in Eisenberg Realty Corporation, name or otherwise, to prosecute or withdraw any suits or proceedings in law or in equity therefor."

The Tiger mortgage was executed and delivered May 24, 1922, and contains the following clause: " That the holder of this mortgage, in any action to foreclose it, shall be entitled (without notice and without regard to the adequacy of any security for the debt), to the appointment of a receiver of the rents and profits of said premises; and in the event of any default in paying said principal or interest, such rents and profits are hereby assigned to the holder of this mortgage as further security for the payment of said indebtedness."

The mortgagor defaulted in payment of the installment due July 24, 1922, but the receivership in this action was not extended to the Tiger mortgage.

It is quite clear that Referee Marx in the proceedings to determine the claimants to the surplus on the sale was concerned only in determining the rights of claimants who had liens on that fund. He was not authorized to determine claims to the rents and profits collected by the receiver. The disposition of that fund was not before him and this is clearly recognized in the order as resettled September 4, 1923. The Usdan claim which was passed upon in that proceeding and the position of which was fixed therein was

the claim on the Usdan judgment only, as a lien on the land. The referee did not report as to the Usdan claim under the assignment, so called, of rents, because the fund to which it was alleged to relate was not then before the referee or the court for distribution. There was, therefore, no adjudication in reference to the Usdan claim, based on the alleged assignment of rents, in that proceeding.

It is stipulated in the record that the report of the receiver, as confirmed, shows receipts for August and September, 1922, of rents amounting to $8,376.49 and disbursements for August and September of $2,098.59.

It is to be determined whether the assignment, so called, of rents under which Usdan claims or the one in the respondent Tiger's mortgage gives either Usdan or Tiger a prior claim to the rents.

It will be noted that what on behalf of Usdan is referred to as an assignment of rents is scarcely more than a power of attorney by Eisenberg to collect the rents for August and September on default in paying the note due August 21, 1922. This power was never exercised. There is no transfer of the rents *in præsenti* to the assignee nor any act on his part indicating an intent to appropriate them.

Treating Usdan's assignment as a pledge or mortgage of the rents for August and September, 1922, prior to the Tiger assignment, the following language from the opinion of the Court of Appeals in *Sullivan* v. *Rosson* (223 N. Y. 217), is applicable: " A senior mortgagee desiring to obtain such rents to apply upon his mortgage should actually possess himself of them or of the right to them through some mutual arrangement therefor, or he should make application to the court to have the receivership extended for his benefit. The general provisions in the order appointing a receiver are deemed permissive, and not mandatory."

The court in that case approves the ruling of the Federal court in *Matter of Banner* (149 Fed. Rep. 936), saying: " In the *Banner* case there was in the mortgage under consideration a provision following a usual one giving the mortgagee a right to a receiver of the rents and profits in case of default as follows: ' The said rents and profits are hereby, in the event of any default or defaults in the payment of said principal or interest, assigned to the holder of this mortgage.' It was there held that ' The form of words used in this mortgage operated merely as a pledge of the rents, to which the pledgee does not become entitled until he asserts his right and in some legal form endeavors to reduce the pledge to possession.' "

The language used applies to the claims of both Tiger and Usdan by virtue of the so-called assignments of rent clauses.

These assignments alone give neither claimant priority over the other.

The mortgage of the respondent Tiger being a lien prior to the Usdan judgment and the so-called Usdan assignment of rents not creating any lien, it follows that the respondent Tiger's mortgage was properly given priority (*Continental Ins. Co.* v. *Reeve*, 149 App. Div. 835), and for the same reason the judgment assigned to Davis and Marx being a lien on the land prior to the Usdan judgment is entitled to priority over that judgment.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and McAVOY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.