MARY G. COLLINS, Plaintiff, *v.* JACOB WALLENS and Others, Defendants.

Supreme Court, Niagara County, April 6, 1932.

*Judson, Holley & Andrews* [*Montford C. Holley* of counsel], for the plaintiffs.

*Ward, Flynn, Spring & Tillou* [*William J. Flynn* of counsel], for C. Irene Ginty.

NOONAN, J.    Prior to the 15th day of March, 1930, the plaintiff, Mary G. Collins, and the defendant C. Irene Ginty were the owners of the Hotel Kenmore in the city of Lockport, N. Y.    Having sold the hotel property on that day to one Adolph Karch, since deceased, and to the defendants Otto Kessler and Lena Kessler, the latter made, executed and delivered to the plaintiff and to C. Irene Ginty two several bonds secured by mortgages upon the property.    The bond to the plaintiff was conditioned for the payment of the sum of $25,850, and the bond to C. Irene Ginty was conditioned for the payment of the sum of $64,800.    Each of the mortgages contained a provision to the effect that both mortgages constituted first liens upon the property and neither was entitled to any priority or preference over the other.    Each of them also contained a clause providing for the appointment of a receiver of the rents and profits of the mortgaged premises in any action brought to foreclose it.

The mortgagors having defaulted, the plaintiff, after unsuccessfully endeavoring to get the defendant Ginty to join in a foreclosure of both mortgages, commenced an action to foreclose her mortgage, joining the defendant Ginty as a party defendant.    The complaint prays, among other things, that the court should adjust and fix the rights and interest of the plaintiff under her bond and mortgage, and of the defendant C. Irene Ginty under her bond and mortgage. Thereafter a judgment of foreclosure was duly granted directing the sale of the premises which were sold under the judgment for the sum of $38,200 to the plaintiff, Mary G. Collins, and her husband, James E. Collins, which sum was distributed to the plaintiff and to the defendant Ginty and those holding under her in proportion to their respective mortgages, after paying the costs and expenses of the foreclosure.

After the foreclosure action was started, the plaintiff applied for a receiver to collect the rents due from tenants of the property, and Lambert C. Hickey, the moving party herein, was appointed receiver of the rents and profits of the mortgaged property.    No application has been made or granted to have the receivership

extended to cover the interest of the defendant Ginty under her mortgage. The receiver's account filed upon this motion shows that there is now in his hands for distribution, as the court shall order, the sum of $1,558.60.

The question now presented to the court upon this motion concerns the proper distribution of the fund in the hands of the receiver. No objections are raised to the receiver's account, nor to the payment by him out of the funds in his hands of the following items:

| | | |
|---|---:|---:|
| Surety company, for premium on bond | $20 | 00 |
| Judson, Holley & Andrews, disbursements | 7 | 25 |
| Judson, Holley & Andrews, legal services to the receiver | 150 | 00 |

Accordingly the receiver's accounts ought to be allowed as presented and payment of the three foregoing items ordered. The receiver may also retain his legal commissions of $98.25, being five per cent of $1,965 collected by him.

As to the remainder of the fund in the receiver's hands, the plaintiff claims that the whole thereof should be paid to her by reason of the fact that the receiver was appointed to receive the rents and profits for her, while the defendant Ginty claims that, owing to the fact that the bonds and mortgages were given as a single transaction and that neither had any superiority or priority over the other, they are entitled to share proportionally in the rents and profits as well as in the proceeds of the mortgaged property.

The precise question here involved does not seem to have been decided by the courts of this State, but the principle which must govern has been announced in several decisions to which references are given below.

A mortgage, at least in the usual form, does not constitute an assignment of the rents, issues and profits, and where such a mortgage has been given, the mortgagor continues to be entitled to receive them so long as he remains in possession unless they are impounded by the court upon the application of a mortgagee or other interested party. (41 C. J. § 604, p. 627; 14 A. L. R. 654, and cases there cited.) "Rent that has accrued may be assigned like any other chose in action, and rent to accrue may be assigned at common law independent of the reversion so as to enable the assignee to recover thereon when due." (*Sullivan* v. *Rosson*, 223 N. Y. 217; *Swan* v. *Inderlied*, 187 id. 372, 374.)

The receivership clause under which the receiver was appointed, entitles a mortgagee, subject to the direction of the court, to

impound for his own benefit the rents and profits of the mortgaged premises. A receiver so appointed does not act for the lienors of the property generally, nor for any lienor other than the one at whose request he was appointed, unless the court, in the exercise of its equitable powers, so frames the order appointing him that he is required to act for such other lienors, or unless the court, on the application of some other lienor, extends the receivership to cover such other liens. Having acquired such lien by superior diligence, the plaintiff is entitled to retain the same. (*Kroehle* v. *Ravitch*, 148 App. Div. 54.) (See *Izzo* v. *McKay*, 110 Misc. 708; *148th St. Realty Co.* v. *Conrad*, 125 id. 142, 147; *Kaufman* v. *Eisenberg*, 210 App. Div. 270.)

If the defendant Ginty had joined the plaintiff in bringing the foreclosure action, the receivership would have been for the benefit of both and her interests would have been protected. Before a party can legally claim the benefits of a receivership, he must take the proper legal steps to entitle him to the same. (*Mentz* v. *Efficient Building Corp.*, 234 App. Div. 797; affd., 258 N. Y. 615.) No such steps having been taken, the receivership continued to be in the interest of the plaintiff. (*Kroehle* v. *Ravitch, supra; Ranney* v. *Peyser*, 83 N. Y. 1; *Washington Life Ins. Co.* v. *Fleischauer*, 10 Hun, 117.)

The principle involved in the present case is ably set forth in *Sullivan* v. *Rosson* (*supra*). There the premises were subject to four mortgages and each of them contained a clause providing for the appointment of a receiver of rents and profits. Upon foreclosure, the holder of the fourth mortgage secured the appointment of such receiver. The proceeds of the foreclosure sale were sufficient to pay the first mortgage, but not the second and third mortgages. The owner of those mortgages claimed to be entitled to payment of the rents and profits which came into the receiver's hands, but the court held that a mortgagee under the usual form of mortgage does not have the right to receive the rents and profits of mortgaged premises until he actually possesses himself of them or of the right to have them, either through some mutual arrangement, or by application to the court, and that a junior mortgagee may by such action obtain for himself such rents and profits to the exclusion of a senior mortgagee. This principle must control the disposition of the present situation. The fact that there was no seniority or priority as between the two mortgages involved in this case, tends to strengthen rather than lessen the application of the rule.

After a careful examination of the facts and the law of the question before me, I am forced to the conclusion, adverse to my first impression, that the plaintiff, having taken the necessary legal

steps to protect her interests, is the only person entitled to the proceeds acquired through her diligence, and, therefore, an order may be entered confirming the report of the receiver and directing him to pay to the plaintiff the balance in his possession, after the payment of the items above mentioned, and his own legal fees as fixed herein.