## In re AVILLE REALTY CORPORATION.
## In re HOLDEN WAREHOUSES, Inc.

### Nos. 20954, 20955.

District Court, E. D. New York.
April 11, 1932.

Wingate & Cullen, of New York City (Cyrus S. Jullien, of Brooklyn, N. Y., of counsel), for petitioner Louis F. Seitz.

Blau, Perlman & Polakoff, of New York City (Cyrus Levinthal, of New York City, of counsel), for petitioning creditors.

BYERS, District Judge.

These bankruptcy proceedings have to do with two corporations, and there is before the court, on a motion to revise, a report of the referee having both cases in charge, fixing the sum payable by the receiver of both for use and occupation of the premises 15 Snyder avenue, in this borough.

The owner of the property (a storage warehouse) was the Aville Realty Corporation. Apparently Holden Warehouses, Inc., was the occupant, and the report is rendered under the title of the latter proceeding.

The briefs are entitled and testimony was taken in the Aville proceeding. Whether the Holden company was a tenant of the Aville company is not made to appear, and the matter has been disposed of with reference to the transactions of the latter company only.

The receiver was appointed and qualified on August 25, 1931, and took possession of the warehouse. He found the Holden company in occupancy, conducting a warehouse business.

There were three mortgages affecting the property, for $190,000, $42,500, and $19,500, respectively.

The latter is the one which gives rise to the pending question. It was under foreclosure when the receiver was appointed, and sale was held on September 11, 1931, and the third mortgagee bought the property; title passed from the referee in foreclosure on September 21, 1931. The third mortgagee took title in the name of a dummy, and has been awarded $2,666.66 for use and occupation by the receiver from September 21, 1931, to October 30, 1931, at the rate of $2,000 per month, found to be the fair rental value. The receiver surrendered possession on the last-mentioned date.

The third mortgagee claims to be entitled to rent from the receiver from the date of his qualification and entry into possession above stated, by reason of the following:

(a) The terms of paragraph 19 of the third mortgage, reading as follows: "19.— That the holder of this mortgage shall have

the right forthwith, after any default in the terms of this mortgage or the accompanying bond, or in the terms of any prior mortgage, to enter upon and take possession of said mortgaged premises and to let said premises and receive all rents, issues and profits thereof, which are overdue, due or to become due, and apply the same, after payment of all necessary charges and expenses, on account of the amount hereby secured, and said rents and profits are, in the event of any such default, hereby assigned to the holder of this mortgage. And the Mortgagor, for itself and any subsequent owner of said premises, hereby covenants and agrees to pay to the holder of this mortgage, in advance, a reasonable rent for the premises occupied by it, and in default of so doing hereby agrees that the Mortgagor, or any owner of said premises, may be dispossessed by the usual summary proceedings or otherwise at the instance of the holder of this mortgage, or of any receiver appointed in any action to foreclose the same and further covenants that any tenant defaulting in the payment of the holder of this mortgage, or to such receiver, of any rent may be likewise dispossessed. This covenant becomes effective either without or with any action brought to foreclose said mortgage and without applying at any time for a receiver of such rents. The rights and remedies herein afforded the holder of this mortgage shall be cumulative and supplementary to and not exclusive of any other rights and remedies afforded the holder of this mortgage and the accompanying bond, and shall not preclude any action or proceeding for and recovery of the agreed rental or reasonable rent for the use and occupation of said premises, or any part thereof, by the holder of this mortgage or such receiver against the owner of said premises or any occupant or tenant thereof."

In addition to the foregoing, the mortgage contains the conventional receivership clause; an acceleration clause in the event of assignment of rents without written consent of the mortgagee; and combined receivership and assignment of rents clause in case of default.

(b) Sundry defaults on the part of the Aville Realty Corporation with respect to: The payment of interest on the first mortgage, occurring May 1, 1931; the payment of installment of principal and interest on the third mortgage, occurring June 1, 1931; and nonpayment of the first half of 1931 taxes due May 1, 1931.

(c) The sending of a letter by the third mortgagee to the Aville company on July 24, 1931, referring to the above-quoted paragraph 19 of the mortgage, the second default above referred to, the consequent foreclosure of the third mortgage and a notification that the rent for use and occupation during the pendency of foreclosure would be at the rate of $2,000 per month, and payment thereof was demanded for the months of July and August, in default of which "it will be necessary to take proceedings against you."

That letter was not answered.

The third mortgagee claims that the receiver of Aville Realty Corporation should be held liable to pay rent from the day of his appointment and qualification, as if that bankrupt had been a tenant, instead of the owner of the fee, because of the undertaking by the mortgagor to pay a "reasonable" rent to the mortgagee as the result of a breach in the performance of several covenants in the mortgage; that, as the result of the writing of the letter above referred to, following the breaches of covenant, the mortgagor became in effect a tenant instead of the owner of the building, and that the rental it was obligated to pay was covered by an absolute assignment to the mortgagee as shown by the above-quoted clause; therefore that the mortgagee stands, in reference to the receiver in bankruptcy of the owner of the fee, in the same position that would be occupied by a receiver of rents in a foreclosure suit, if there were one, with reference to a tenant of the property.

The third mortgagee says that he is not a mere pledgee of rents and therefore he was not required to secure the appointment of such a receiver of rents in order to consummate his status as assignee, within the decided cases, such as are referred to in Re Berdick (D. C.) 56 F.(2d) 288, 19 A. B. R. (N. S.) 142.

In short, the claimant asserts rights which are inconsistent: (a) The right to receive rent from the Aville company, which must be based upon the relation of landlord and tenant; (b) the right to receive the rent as assignee of the owner of the fee, which must be based upon the continued relation of mortgagee and mortgagor.

In order to bring himself into the position of an absolute assignee of rents, it is necessary, of course, to show that there were any rents to be assigned; this the mortgagee has failed to demonstrate.

Rent is payable by a tenant to a landlord, and the conventional relation would have to arise before the obligation would attach.

No case has been cited which decides that the clause under consideration, having become operative, accomplishes the transmutation of ownership of the fee, into tenancy of some one else's fee, without a transfer of the legal title.

The letter which has been referred to was a unilateral declaration, not deemed to have been legally sufficient to establish the relation of landlord and tenant between the mortgagee and the owner of the fee; nor yet to impose upon the latter the duty of paying rent to itself (i. e. its assignee), whereby the third mortgagee could have come into possession of something to apply on the mortgage debt. In this respect, the situation would not have been improved even if a receiver of rents had been appointed in the foreclosure suit.

Whatever rights the owner of the fee (Aville company) may have possessed, to exact of the receiver of the Holden Warehouses, Inc., a fair rental by way of use and occupation, have not been the subject of determination, and therefore invite no present examination.

The referee has determined in this proceeding, if his report is understood, that the third mortgagee has not demonstrated any legal right to collect rent from the receiver, but that such a right has been shown on the part of the new owner of the fee, from September 21, 1931, to the date when the receiver quit the premises. In the belief that this is a correct determination, and that the fair rental value has been arrived at, the motion to revise will be denied.

Settle order on two days' notice.