BRADLEY & CURRIER CO. v. HOFMANN et al. (HARD et al., Interveners).

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

FORECLOSURE BY SUBSEQUENT MORTGAGEE—APPOINTMENT OF RECEIVER—WHO
ENTITLED TO AMOUNT COLLECTED.

   Plaintiff's mortgage was subject to the lien of two prior mortgages,—
one held by a corporation, and the other by H., its president. Pending
suit for its foreclosure his attorney agreed that H. should procure an
assignment of the rents to plaintiff, to be by him applied on running ex-
penses, etc., and any residue on the principal and interest of H.'s mort-
gage. On the day after the assignment, and without notice to the prior
mortgagees, plaintiff procured an order appointing a receiver for the
premises. *Held*, that though the law protects a subsequent mortgagee,
who by superior diligence has acquired a specific lien on the rents
superior to any equities of prior mortgagees, plaintiff had no superior
equities, having procured the appointment of the receiver without notice
to the prior mortgagees, and while they supposed the rents were being
collected under the assignment, and they were therefore entitled to an
order requiring the receiver to apply the rents as directed in the assign-
ment.

   Van Brunt, P. J., dissenting.

Appeal from special term.

Action to foreclose a mortgage by the Bradley & Currier Company
against Gregor G. Hofmann and others, in which Dudley S. Hard
and the Globe Realty Company, prior mortgagees, intervened. From
an order of the special term granting interveners' application for the
payment by the receiver appointed at plaintiff's instance of moneys
collected by him for expenses, taxes, and interest on liens, etc., con-
nected with the property, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, INGRAHAM, and LAUGHLIN, JJ.

Austin E. Pressinger, for appellant.
Nathan Ottinger, for respondents.

HATCH, J. This action was brought to foreclose a mortgage
upon certain premises situate on Eighth avenue, in the city of New
York. The mortgage sought to be foreclosed was subject to the
lien of two prior mortgages,—one held by the Globe Realty Company,
and the other by Dudley S. Hard; the latter being president of such
company. Neither the company nor Hard were made parties defend-
ant in the action to foreclose the plaintiff's mortgage. During the
pendency of plaintiff's action, some negotiations were had between
the attorney for the plaintiff and Hard respecting the appointment of
a receiver for the collection of the rents and profits of the property;
and it was agreed between them that Hard should procure from the
mortgagor an assignment of the rents to the plaintiff, to be by it
applied to the payment of running expenses, necessary repairs, and
taxes upon the property; the residue to be applied upon the prin-
cipal and interest and upon the mortgage held by Hard; and it is
claimed by the respondents that said assignment was never revoked
by Hofmann, and is still outstanding and operative. Upon this sub-

ject there is serious dispute between the parties; the plaintiff contending that it never made such arrangement with Hard, and that, while the assignment of the rents was executed and delivered by Hofmann, yet he immediately nullified the same by refusing to admit the person sent to collect the rents to the premises, and thereby the plaintiff was unable to collect any rents thereunder. Upon this subject, however, it was quite competent for the court to find, as it did, that the respondents' version was correct. The assignment of the rents by Hofmann was executed February 28, 1901. On March 1st following, plaintiff applied for and obtained an order appointing a receiver of the rents and profits of the premises. Of this application the respondents had no notice, and they were not aware that it would be made; they relying upon the arrangement under which Hofmann executed the assignment. About April 24, 1901, the Globe Realty Company commenced a foreclosure of its mortgage; making the plaintiff a party defendant therein, but omitting as a defendant, Dudley S. Hard, the holder of the other mortgage. This action proceeded to judgment of foreclosure, and upon a sale the property produced the sum of $11,000; leaving a deficiency of about $3,500 due upon the judgment of foreclosure. The effect of this judgment was to cut off the rights of the plaintiff, and to leave intact as a lien upon the premises the Hard mortgage. On December 6, 1901, Hard and the Globe Realty Company applied by petition to the supreme court for leave to intervene in plaintiff's action, and asked for an order requiring the receiver to apply the money in his hands as was directed in the assignment of the rents made by Hofmann, the mortgagor. The petition set up, in substance, the above facts, among others, and supported the same by affidavits, and upon the hearing additional affidavits were read in rebuttal of the opposing papers. This application resulted in an order determining that the facts stated in the petition were true, that the motion be granted, that the defendants have leave to intervene as parties, and that the moneys in the hands of the receiver be applied as directed in the assignment by Hofmann.

The appellant appeals from all this order, except that part which allowed the petitioner to intervene and have notice of the accounting and disposition of the money under the receivership. It is claimed that this order should be reversed for the reason that the plaintiff had, by diligence on its part, procured the appointment of a receiver of the rents and profits of the property prior to any action having been taken by the Globe Realty Company or Hard, and that thereby the plaintiff becomes entitled to receive the benefits of its diligent action, and that the money collected by the receiver should be paid to it. If it be assumed that such claim is sustained by the facts, there would be much force in the contention. The law protects a party when by superior diligence he acquires a specific lien upon the rents, which are superior to any equities of the first mortgagee; and under such circumstances he is entitled to retain them, and to apply the same upon his mortgage. Ranney v. Peyser, 83 N. Y. 1; Insurance Co. v. Fleischauer, 10 Hun, 117. The facts, however, as found by the court, show that the receivership was obtained without any notice

to the petitioners, after they had arranged for securing the rents and profits of the premises, and for making particular application thereof in a manner assented to by the plaintiff's attorney. It is undisputed that there was a negotiation between these parties about procuring an assignment of the rents from Hofmann, and making disposition of the same, without the interposition of a receiver. It may be assumed that the plaintiff's attorney could not make a binding agreement as to a particular disposition of the rents and profits, in the absence of an assent thereto by the client whom he represented; and, if we assume that the attorney had no authority to make a binding arrangement as to the application of the rents collected, it nevertheless follows that the attorney had actual notice of the fact that the petitioners were taking steps to secure their rights in connection with the rents derived from the property. The attorney's knowledge upon this subject was the knowledge of the plaintiff; and, having taken the assignment of Hofmann, he could not, without some notice to the petitioners, acquire rights which would defeat their equities. The liens of the petitioners were superior to the lien of the plaintiff, and, all things being equal, they possessed superior equities, and could not lose the same, so far as all of the proceeds of the property were concerned, unless they lay idly by and permitted the plaintiff to acquire rights by diligent effort. Ross v. Vernam, 6 App. Div. 246, 39 N. Y. Supp. 1031. After notice to the attorney by Hard that he intended to assert the right of the company and himself in the application of these moneys upon the liens held by the company and himself, the plaintiff could not, by diligence, in absence of any notice to him, acquire superior rights. The proofs tend to show that the petitioners supposed that the rents were being collected under the assignment, and as the application of the money, when so collected, would be for their benefit, the plaintiff could not defeat their right thereto by surreptitiously procuring the appointment of a receiver. The condition was such that the petitioners were lulled into the belief that they were secure, and of that fact the plaintiff's attorney had notice when the receivership was created. As the petitioners had the superior equity, this act could not result to defeat their rights in the premises. The plaintiff has not contested, or at least does not now contest, the right of the court to order the intervention of the petitioners in the action; and, as they acquired right in the rents by action upon their part, such right attaches to their superior equity, and entitles them to insist upon the application of the moneys as provided in the assignment.

The present order confirms such right. It should therefore be affirmed, with $10 costs and disbursements.

INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ., concur. VAN BRUNT, P. J., dissents.