---

KROEHLE v. OLCOTT et al.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

1. JUDGMENT (§ 589*)—RES JUDICATA.

In an action to foreclose a second mortgage, a receiver was appointed for the rents. Thereafter the holders of the first mortgage brought foreclosure, and, the proceeds of the sale being insufficient to pay the mortgage, the holders of the first mortgage applied for an order to compel the receiver under the second mortgage to pay the balance due out of such rents, which motion was denied, and the order affirmed on appeal. *Held* res judicata, on an application by the first mortgagees to intervene in the foreclosure of the second mortgage, in order to renew their petition to apply the rents to the deficiency.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1100, 1101; Dec. Dig. § 589.*]

2. MORTGAGES (§ 473*)—RECEIVERS—RIGHT TO PROCEEDS.

A receiver was appointed on foreclosure of a second mortgage to receive the rents and profits. *Held* that, the receivership not having been extended to include the interest of a first mortgagee, the holder of the second mortgage acquired a specific lien on the moneys in the hands of the receiver, superior to any claim, legal or equitable, of the holders of the first mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1384; Dec. Dig. § 473.*]

Appeal from Special Term, New York County.

Action by Fred W. Kroehle against certain defendants. From an order permitting J. Van Vechten Olcott and another to intervene, plaintiff appeals. Reversed, and intervention denied.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, SCOTT, and DOWLING, JJ.

Louis W. Osterweis, for appellant.
Walter F. Wood, for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McLAUGHLIN, J. This action was brought to foreclose a second mortgage upon real estate upon which there was alleged to be due the sum of $6,000. After the action had been commenced, the plaintiff had a receiver appointed to collect, during the pendency of the action, the rents, issues, and profits. Some two months after the action had been commenced, the respondents herein, who were the holders of a first mortgage upon the same real estate, commenced an action to foreclose their mortgage. That action was prosecuted to judgment, under which, on May 24, 1911, a sale took place. The proceeds of the sale were insufficient to satisfy the amount found due; there being a deficiency of upwards of $2,500. In the meantime the receiver appointed in this action collected a substantial sum, but no steps whatever had been taken to extend the receivership for the benefit of the holders of the first mortgage. After the sale, the holders of the first mortgage applied for an order to compel the receiver to pay to them, out of the moneys collected by him, the amount found due upon their mortgage, and which they had failed to realize out of the sale. The motion was denied, and they appealed to this court, where the order was affirmed. After the affirmance of the order, they applied for leave to intervene in this action.

[1] Their application was granted, and the plaintiff appeals. The application for leave to intervene was evidently upon the theory that, if they were permitted to do so, they would then be in a position to renew their application to compel the receiver to pay over to them so much of the moneys collected by him as would satisfy the amount due upon their mortgage. The affirmance of the other order on appeal determined that they were not entitled, as against the holder of the second mortgage, to such moneys.

[2] The receiver was appointed for the benefit of the holder of the second mortgage, and whatever money he collected, the receivership not having been extended, was for his benefit. He had acquired a specific lien upon such moneys, superior to any claim, either legal or equitable, of the holders of the first mortgage. Ranney v. Peyser, 83 N. Y. 1; Bradley & Currier Co. v. Hofmann, 70 App. Div. 77, 74 N. Y. Supp. 1076; Washington Life Ins. Co. v. Fleischauer, 10 Hun, 117. Having acquired such lien by superior diligence, he cannot now be deprived of it, even though the proceeds of sale were not sufficient to satisfy the amount found due upon the first mortgage. The amount collected by the receiver is insufficient to satisfy the amount due upon the second mortgage, and therefore the holder of that mortgage is entitled to the moneys collected. It would not aid the respondents, so far as such moneys are concerned, to intervene in the action. To permit the intervention would accomplish no purpose whatever. An order permitting the intervention, under such circumstances, ought not to have been granted.

It follows, therefore, that the order appealed from must be reversed, with $10 costs and disbursements, and the motion for leave to intervene denied, with $10 costs. All concur.