Hannah Sullivan, Appellant, *v.* Thomas Rosson et al., Defendants, and James E. March, Respondent.

Mortgage — foreclosure — receivers — holder of senior mortgage cannot seize rents of real property to apply on his mortgage when receiver therefor has been appointed in foreclosure of junior mortgage unless the receivership be extended for his benefit.

1. A mortgage as it relates to the real property therein described is not an absolute conveyance, but a pledge of property as security for the debt, and where it is expressly provided in the words constituting an assignment of rent that it is " as further security for the payment of said indebtedness," such assignment is of the like character as the conveyance of real property and not intended as an absolute transfer thereof.

2. Apart from a special agreement or of circumstances affecting the rights and equities of the parties, a junior mortgagee may through a receiver obtain the rents and profits of mortgaged real property. A senior mortgagee desiring to obtain such rents to apply upon his mortgage should actually possess himself of them or of the right to them through some mutual arrangement therefor, or he should make application to the court to have the receivership extended for his benefit.

3. Each of the three mortgages held by the parties to this controversy provided for the appointment of a receiver of the mortgaged premises on default by the mortgagor. The plaintiff herein, the owner of a fourth mortgage, applied for and obtained the appointment of a receiver in her behalf. The owner of the second and third mortgages did not seek to collect the rent either by voluntary payment with the consent of the mortgagor or through a receiver, but claims the rents in the hands of plaintiff's receiver. The order appointing such receiver was never modified, or in any way extended for his benefit. Upon

these facts the holder of the senior mortgages is not now entitled to appropriate the proceeds of the diligence of the junior mortgagee. (*Harris* v. *Taylor*, 35 App. Div. 462; appeal dismissed, 159 N. Y. 533, distinguished.)

*Sullivan* v. *Rosson*, 166 App. Div. 68, reversed.

(Argued February 25, 1918; decided April 2, 1918.)

APPEAL, by permission, from so much of an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 11, 1915, as modified an order of Special Term directing payment of moneys in the hands of a receiver, appointed in an action to foreclose a mortgage, to the plaintiff in said action.

The facts, so far as material, and the question certified are stated in the opinion.

*Gustavus A. Rogers* and *Saul E. Rogers* for appellant. The plaintiff is entitled, even though a junior mortgagee, to the funds in the hands of the receiver, appointed in the action for the foreclosure of her mortgage, upon her motion and for her benefit. (*Madison Trust Co.* v. *Axt, No. 1*, 146 App. Div. 121; *Abrahams* v. *Berkowitz*, 146 App. Div. 563; *Ranney* v. *Peyser*, 83 N. Y. 1; *Washington Life Ins. Co.* v. *Flieschauer*, 100 Hun, 117; *Kroehle* v. *Ravitch*, 148 App. Div. 54; *Bradley & Currier Co.* v. *Hoffmann*, 70 App. Div. 77.) If the respondent had an assignment of the rents it did not become operative until there was a default in the payment of interest or principal, and then only upon his asserting his rights under his assignment. He cannot quiescently permit the receiver to collect the rents under the order of his appointment with full knowledge thereof, and yet claim that they are his rents. (*Armour Packing Co.* v. *Wolff & Co.*, 59 Mo. App. 665; *Matter of Banner*, 149 Fed. Rep. 936; *Central Trust Co.* v. *M. J. & K. C. R. Co.*, 173 Fed. Rep. 330; *Abrahams* v. *Berkowitz*, 146 App. Div. 563; *Wiggins* v. *Freeman*, 174 App. Div. 304.)

*Louis Frankel* and *David Cohen* for respondent.   The rents and issues of the mortgaged premises having been assigned to the respondent James E. March  prior to the receivership, his right to them is superior to that of the receiver.   (*Thomson* v. *Erskine,* 36 Misc. Rep. 202; *State Bank* v. *Cohen,* 68 Misc. Rep. 138.)

CHASE, J.   In and prior to 1913 the real property in the city of New York known as No. 115 McDougal street, was incumbered by a mortgage of $27,000 which was a first lien thereon — a mortgage of $4,000 which was a second lien thereon — a mortgage of $1,000 which was a third lien thereon — and a mortgage of $7,000 which was a fourth lien thereon.   The fourth mortgage covered two other pieces of real property and at all the times herein mentioned the plaintiff was the owner of that mortgage.   It contained a provision that in case of default in the payment thereof, the mortgagee should have the right forthwith " to enter upon and take possession of the said mortgaged premises and receive the rents, issues and profits thereof, and apply the same after payment of all necessary charges and expenses on account of the principal and interest of this bond and the mortgage accompanying the same, and the said obligee and her legal representatives or assigns shall be at liberty and have the right immediately after any such default upon the complaint filed or any other legal proceeding commenced for the foreclosure of said mortgage, to apply for and shall be entitled as a matter of right and without regard to the value of the premises or the solvency or the insolvency of said obligors or of any owner of the mortgaged premises and upon ten days' notice to said obligors, heirs or assigns in any court of competent jurisdiction to have granted a receiver of the rents, issues and profits of the said mortgaged premises, with power to lease said premises for a term to be pro-

vided by the court, with power to pay taxes and assessments and water rents which are or may become a lien on said premises and keep same insured and * * * after deducting all charges and expenses attending the execution of the said trust as receiver shall apply the residue of said rents and profits to the payment and satisfaction of this mortgage and the bond accompanying the same, or to any deficiency which may arise after applying the proceeds of the sale of said premises to the amount due including interest and costs and expenses of the foreclosure and sale."

The second and third mortgages at all the times herein mentioned were owned by the respondent March. The second mortgage contained a clause as follows: " That if default shall be made in the payment of the principal sum mentioned in the said bond, or any installment thereof, or the interest which shall accrue thereon, or of any part of either at the respective times therein specified for the payment thereof, the said mortgagee shall have the right forthwith, after any such default, to enter upon and take possession of the said mortgaged premises, and to let the said premises, and receive the rents, issues and profits thereof, and to apply the same, after payment of all necessary charges and expenses, on account of the amount hereby secured and said rents and profits are in the event of any such default hereby assigned to the mortgagee."

The third mortgage contained a clause as follows: " The holder of this mortgage, in any action to foreclose it, shall be entitled, without notice and without regard to the adequacy of any security for the debt, to the appointment of a receiver of the rents and profits of said premises; and said rents and profits are hereby, in the event of any default or defaults in paying said principal or interest, assigned to the holder of this mortgage as further security for the payment of said indebtedness."

Prior to August 13, 1913, the plaintiff's mortgage being due, she commenced this action to foreclose it. The prior mortgagees were not made parties to the action. On that day the court, on motion of the plaintiff in the action, and on the ground of inadequacy of plaintiff's security, appointed for the benefit of the plaintiff a receiver of the rents, issues and profits of the real property No. 115 McDougal street included in the mortgage sought to be foreclosed.

The receiver so appointed duly qualified and between the date of his appointment and July 1, 1914, collected rents from the McDougal street property amounting to $1,884.09 after paying his expenses other than commissions and the expenses of the accounting. Judgment was not entered in this action except as hereinafter stated. Subsequent to the commencement of this action the owner of the first mortgage commenced an action to foreclose the same, making the subsequent mortgagees parties thereto. Judgment of foreclosure and sale was entered in that action and the McDougal street property was sold thereunder for an amount from which the first mortgage with interest and costs has been paid, leaving a surplus of $75 now in the hands of the court.

Since the sale of the McDougal street property as stated, judgment has been entered in this action adjudging that there is due the plaintiff $7,000 and interest as alleged in the complaint. The $4,000 mortgage of the defendant March became due "long before" and the $1,000 mortgage before this action was commenced, but the particular time when each became due does not appear from the record before us.

The receiver made an application to account as such receiver and notice of his application was served upon March, the holder of the second and third mortgages. The plaintiff claimed the money in the hands of the receiver to apply on the amount due on her mortgage

**222**       SULLIVAN v. ROSSON.

and the judgment entered thereon and as the person for whose benefit the receiver was appointed, and March claimed the same to apply on the amount unpaid on his two mortgages, alleging that he is the owner thereof by virtue of the provisions thereof.

The Special Term directed that the money in the hands of the receiver after paying his commissions and the expenses of the accounting be paid to the plaintiff. The Appellate Division modified the order by directing that the amount of the third mortgage so owned by March and interest be first paid therefrom, but permitted the plaintiff to appeal to this court from such order of modification and certified that a question of law had arisen which in its opinion ought to be reviewed by the Court of Appeals. The following is the question as certified:

" Is James E. March entitled as against the plaintiff to the application of the surplus in the hands of the receiver to the payment of his third mortgage of one thousand dollars? "

The respondent March claims that by the provision of his third mortgage quoted he became the absolute and unqualified owner of the rents of the McDougal street property to an amount sufficient to pay said mortgage and the interest thereon. The answer to the question certified to us depends upon whether the claim of March under his third mortgage should be sustained. We think it should not be sustained. Rent that has accrued may be assigned like any other chose in action, and rent to accrue may be assigned at common law independent of the reversion so as to enable the assignee to recover thereon when due. (*Demarest* v. *Willard*, 8 Cow. 206; *Swan* v. *Inderlied*, 187 N. Y. 372, 374.)

It is said in Halsbury's Laws of England (Vol. 18, p. 468): "If it (rent) is reserved to a stranger, it is not a true rent and cannot be distrained for, but the stranger

can recover it by action. Similarly, no rent can be reserved on the assignment of a lease, since no reversion remains in the assignor; but here, also, the reservation is good as a contract to pay the rent."

Our statutes recognize the right to assign a lease or the interest of the parties either lessor or lessee thereunder. It is provided by section 223 of the Real Property Law (Cons. Laws, ch. 50) that " The grantee of leased real property, or of a reversion thereof, or of any rent, the devisee or assignee of the lessor of such a lease, or the heir or personal representative of either of them, has the same remedies, by entry, action or otherwise, for the non-performance of any agreement contained in the assigned lease for the recovery of rent, for the doing of any waste, or for other cause of forfeiture as his grantor or lessor had, or would have had, if the reversion had remained in him. · * * * This section applies as well to a grant or lease in fee, reserving rent, as to a lease for life or for years; * * *." (See *Van Rensselaer* v. *Hays,* 19 N. Y. 68.)

The question before us is not dependent upon the power of the parties to the mortgage to contract as to the rents and profits of the mortgaged property, but upon the intention of the parties as expressed by them in the mortgage instrument. We do not think that the parties to the mortgage intended by the provision thereof quoted to make an absolute and unqualified assignment of the rent of the mortgaged property from the time of default to take effect as of the date of the mortgage. If so, the mortgagee should be charged with the amount of rents accruing after default, at least if they could have · been collected with reasonable diligence. It does not appear just when the default occurred or whether it had not continued at the time the receiver was appointed for a sufficient length of time (about five months) so that the rents accruing since default were sufficient to

pay and discharge the $1,000 mortgage and interest. We do not think, however, that there was such an assignment of specific rents as entitled him to them, or that he should be charged with them without some act on his part.

The mortgage as it relates to the real property therein described is not an absolute conveyance, but a pledge of property as security for the debt. It would appear that the assignment of rent in this case is of the like character as the conveyance of real property and not intended as an absolute transfer thereof. It is expressly provided in the words constituting the assignment that it is "as further security for the payment of said indebtedness."

The rents and profits of real property are the subject of mortgage. By inaction and practical assent, much of the value of real property held by a mortgagee as collateral to an indebtedness may be lost or dissipated by the owner of the fee, through waste, depreciation or otherwise, and so the mortgagee by inaction and practical acquiescence may permit the owner of the fee to collect the rents of the mortgaged property and convert the same to his own use. (*Rider* v. *Bagley,* 84 N. Y. 461; *Wyckoff* v. *Scofield,* 98 N. Y. 475.)

Each mortgage considered in this case provided for the appointment of a receiver of the mortgaged property upon default by the mortgagor. Whether a receiver would, in fact, be appointed for the benefit of either mortgagee and if so what authority would be conferred upon him, rested in the discretion of the Supreme Court. (27 Cyc. 1626; *Thomas* v. *Davis,* 90 App. Div. 1.)

Apart from a special agreement or of circumstances affecting the rights and equities of the parties, a junior mortgagee may through a receiver obtain the rents and profits of mortgaged real property. A senior mortgagee desiring to obtain such rents to apply upon his mortgage should actually possess himself of them or of the right

to them through some mutual arrangement therefor, or he should make application to the court to have the receivership extended for his benefit. The general provisions in the order appointing a receiver are deemed permissive, and not mandatory. (*Ranney* v. *Peyser,* 83 N. Y. 1.) The Supreme Court has frequently so decided. (*Washington Life Ins. Co.* v. *Fleischauer,* 10 Hun, 117; *Madison Trust Co.* v. *Axt,* 146 App. Div. 121; *Abrahams* v. *Berkowitz,* 146 App. Div. 563; *Kroehle* v. *Ravitch,* 148 App. Div. 54; *Bradley & Currier Co.* v. *Hofmann,* 70 App. Div. 77.)

The plaintiff applied for and obtained the appointment of a receiver in her behalf. March, as the owner of the second and third mortgages, did not seek to collect the rent either by voluntary payment with the consent of the mortgagor or through a receiver. The order in the action was never modified, or in any way extended for his benefit. His failure to take any action would, or might have been as serious to him if the receiver had never been appointed as he now claims it will be if the money in the hands of the receiver is not paid to him as mortgagee. He is not now entitled to appropriate the proceeds of the diligence of a junior mortgagee.

The views herein expressed are, among other decisions, sustained in *Freedman's Savings & Trust Co.* v. *Shepherd* (127 U. S. 494) and in *Matter of Banner* (149 Fed. Rep. 936). In the *Freedman's Savings & Trust Co.* case the court say: " Even if the deed had expressly pledged the income as security for the debts named, the mortgagor, according to the doctrines of the cases cited, (in the opinion) would have been entitled to the income, until, at least possession was demanded under the deed; or until his possession was disturbed by a sale under the deed of trust or, in advance of a sale, by having a receiver appointed for the benefit of the mortgagee." (p. 503.)

In the *Banner* case there was in the mortgage under

15

consideration a provision following a usual one giving the mortgagee a right to a receiver of the rents and profits in case of default as follows: " The said rents and profits are hereby, in the event of any default or defaults in the payment of said principal or interest, assigned to the holder of this mortgage." It was there held that " The form of words used in this mortgage operated merely as a pledge of the rents, to which the pledgee does not become entitled until he asserts his right and in some legal form endeavors to reduce the pledge to possession."

The court also say: " That a mortgagee out of possession can, upon the instant of a default in mortgage interest, become to all intents a landlord of the mortgaged building, seems to me something not to be encouraged." (See *Matter of Israelson*, 230 Fed. Rep. 1000; *Matter of Clark Realty Co.*, 234 Fed. Rep. 576; *Atlantic Trust Co.* v. *Dana*, 128 Fed. Rep. 209, 219; *Armour Packing Co.* v. *Wolff & Co.*, 59 Mo. App. 665.)

The decision in *Matter of Jarmulowsky* (224 Fed. Rep. 141), cited by the respondent, was a contest between the mortgagee and the creditors of a bankrupt and not as between a receiver in possession and the mortgagee having an assignment of the rents as a further security for the payment of the mortgage debt.

The case of *Harris* v. *Taylor* (35 App. Div. 462; appeal dismissed, 159 N. Y. 533), specially referred to by the Appellate Division in the decision of this case, was one where the assignment of rents was clearly intended by the parties to be absolute and unqualified, operating *in præsenti*. The mortgage held by the prior mortgagee in that case was given for $1,284 and interest. At the time the mortgage was given the mortgagor by a separate instrument assigned to him the rents of the mortgaged property and authorized him to retain therefrom $200 per month to apply upon the mortgage debt. The mortgagee collected the rent pursuant to such assignment prior to

the commencement of the action by the junior mortgagee and had by the rents so collected reduced the amount unpaid on his mortgage to $773.98. The validity and purpose of the assignment of rents were unquestioned. The order appointing the receiver was made in the action of the junior mortgagee without notice to the prior mortgagee and it directed the receiver to pay the rents to the junior mortgagee. That part of the order was stricken out on motion of the prior mortgagee. The Appellate Division on an accounting by the receiver held that the rent should be paid to the prior mortgagee to the extent of the amount unpaid on his mortgage. The decision in that case does not support the decision of the Appellate Division in this case because of the difference in the facts in the two cases as stated.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division, and the question certified answered in the negative.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, POUND and ANDREWS, JJ., concur.

Ordered accordingly.