## In re BERDICK.

District Court, S. D. New York.
Dec. 22, 1931.

Nathan B. Fogelson, of New York City, for Irving Trust Co., Receiver.

R. & E. J. O'Gorman, of New York City (Henry B. Hammond, of New York City, of counsel), for respondent Emigrant Industrial Savings Bank.

PATTERSON, District Judge.

A contest over rents has arisen between the mortgagee and the mortgagor's receiver in bankruptcy. The mortgage contains the usual clause assigning the rents to the mortgagee in the event of default. The mortgagor having defaulted, a foreclosure suit was commenced in the New York Supreme Court

on October 19, 1931. To dispense with the appointment of a receiver in that suit, the owner by written instrument dated November 2, 1931, authorized the mortgagee to go into possession of the premises and in the same paper, assigned to it the rents thereafter accruing as further security for the mortgage debt. The owner also gave written notice to the tenants that the mortgagee was in possession with his consent and that all rents should be paid to it. The mortgagee accordingly collected the November rents. On November 27, 1931, the owner filed a voluntary petition in bankruptcy and a receiver in bankruptcy was appointed the same day. The bankruptcy receiver points out that in the foreclosure suit no receiver has been appointed and insists that for this reason the rents until a sale in the foreclosure proceedings should be paid over to it, citing In re Brose (C. C. A.) 254 F. 664.

The conflict between the mortgagee and the bankruptcy receiver must be decided according to the law of New York. After some fluctuation on the point, the New York courts have held that a clause in a mortgage assigning rents to the mortgagee in the event of default operates merely as a pledge of rents and does not entitle the mortgagee to them until he or a receiver in his behalf takes possession or until he attempts in some fashion to assert his right to the rents. The mere default of the mortgagor does not work a transfer of the rents to the mortgagee, notwithstanding the terms of the assignment clause. Sullivan v. Rosson, 223 N. Y. 217, 119 N. E. 405, 407, 4 A. L. R. 1400. The rule laid down in the Sullivan Case is followed by the federal courts. In re Brose, supra; In re Minogue (D. C.) 39 F.(2d) 239. So the receiver in bankruptcy here would be entitled to the future rents if the mortgagee's claim to them were based simply upon the assignment clause in the mortgage and upon the institution of the foreclosure suit, no receiver in foreclosure having entered.

But the mortgagee's claim is rested also upon the assignment of rents after default and commencement of foreclosure proceedings, followed up by actual collection of the November rents. It thus appears that the mortgagee is for all practical purposes in possession of the premises by consent of the mortgagor and is receiving the rents. In the language of the court in Sullivan v. Rosson, supra, the mortgagee has taken possession of the rents and of the right to them "through some mutual arrangement therefor." It receives them, of course, only as collateral security for its mortgage debt and must account for them; but it is quite clear that its rights are superior to those of the receiver in bankruptcy.

The application of the receiver will therefore be denied.