**In re McCRORY STORES CORPORATION.**

**WALKER et al. v. IRVING TRUST CO.**

No. 59.

Circuit Court of Appeals, Second Circuit.

Nov. 5, 1934.

Pleasants & Lowry, of New York City (Samuel A. Pleasants and Benjamin G. Myron, both of New York City, of counsel), for petitioners-appellants.

Rosenberg, Goldmark & Colin, of New York City (Max Freund, of New York City, of counsel), for trustee-appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

By lease of May 8, 1926, the petitioners-appellants let to McCrory Stores Corporation certain premises at Fort Worth, Texas. In the following clause the lease purported to grant to the owners of the real estate a lien on rentals to become due McCrory Stores Corporation from subtenants:

"To secure the payment of all sums to be paid by the Lessee to the Lessors, as Rent for said premises, or otherwise, including the aggregate of the installments unpaid in the event they shall be declared due and payable under the provisions of the Lease, with interest and attorney's fees thereon, as herein provided for, a Lien is hereby granted by the Lessee to the Lessors, their successors or assigns * * * upon any and all moneys that may hereafter be due and owing the said Lessee by its subtenants (if any) on said premises, or in respect thereof, or any part thereof, whether for Rent or otherwise, and said Lien shall be prior in right to all other Liens upon such leasehold estate property and premises and moneys. * * *"

McCrory Stores Corporation paid all rentals due to and including the month of January, 1933. On January 14, 1933, McCrory Stores Corporation filed its voluntary petition and was on that date duly adjudicated a

bankrupt, and the Irving Trust Company was later elected trustee. Thereafter the trustee collected the following sums due from subtenants to the bankrupt on account of rentals for periods prior to February 1, 1933:

Unremitted rentals for December, 1932, in hand December 28..... $100.00
Net rentals from subtenants received during January, 1933.... 815.75
Net rentals received on or subsequent to February 1, 1933, for rentals due from subtenants for periods prior to January 1, 1933 1,043.00
———
$1,958.75
The trustee likewise collected from subtenants the following rentals accrued after February 1, 1933.. 2,732.18
———
$4,690.93

On April 26, 1933, pursuant to order of the bankruptcy court, the trustee disaffirmed and rejected all right, title, and interest in and to the lease and notified the owners of the real estate to that effect and that it assumed no liabilities under the same.

The bankrupt failed to pay rent to the owners due on February 5, March 5, April 5, and May 5, 1933, aggregating $10,066.64.

The trustee in bankruptcy makes no claim to the subrents aggregating $2,732.18 which accrued after February 1, 1933. These the bankruptcy court ordered paid to the owners of the property; the bankrupt being after that date in default in payment of rent under the main lease.

The owners of the real estate filed a petition in the bankruptcy court in which they claimed a lien on the $1,958.75 of subrents accrued prior to February 1, 1933, and before there was any default under the main lease, as well as upon the $2,732.18 subrents accrued thereafter. Referee Stephenson denied the application so far as it related to the $1,958.75 on the ground that the covenant in the lease providing for a lien on subrents extended only to those accruing after a default in payment of rent on the main lease. His decision was affirmed by Judge Knox, from whose order the present appeal has been taken.

■ We think the court below was right in holding that the clause in the lease giving subrents as security was limited to those accruing after default. In our opinion it cannot reasonably be supposed that the lessee intended to deprive itself of the full right to own, collect, and apply to its own use all rents from its subleases, so long as it met all current obligations to its own landlord. To require the lessee to retain all subrents during the whole period of the main lease to the extent of the rent reserved under it, on the theory that they had been made security, is so unreasonable as to be unthinkable. As we think it cannot be supposed that the clause covers subrents that have been actually collected during a month when the principal rent has been paid, it would seem unreasonable to impose a lien upon subrents which accrued at a time when no principal obligation was due. We can see no tenable distinction between subrents in esse that have been actually paid and those that have accrued.

■ But the appellants cannot prevail for an additional reason. Before the lessors filed their petition herein or had otherwise asserted any claim to the accrued subrents, a petition in bankruptcy had been filed by McCrory Stores Corporation, an adjudication entered and a trustee elected. The latter stood in the position of a judgment creditor armed with an execution. Under the decisions of the New York state courts and of the federal courts, when applying the New York law, it is well settled that an assignee of future rents who has done nothing to perfect his rights will not prevail over an execution creditor or trustee in bankruptcy. Sullivan v. Rosson, 223 N. Y. 217, 119 N. E. 405, 4 A. L. R. 1400; In re Brose (C. C. A.) 254 F. 664; In re Berdick (D. C.) 56 F.(2d) 288.

■ But it is argued that the law of Texas where the real estate is situated is different and that there the lien of an execution creditor does not prevail over a prior equitable lien. This is doubtless true in New York and elsewhere if there is a specific equitable lien over existing property. Sexton v. Kessler & Co., 225 U. S. 90, 32 S. Ct. 657, 56 L. Ed. 995; Corney v. Saltzman (C. C. A.) 22 F.(2d) 268; Dwight v. Newell, 3 N. Y. 185. But an agreement to create a lien is quite different from such an interest as a vendor's lien, a resulting trust, or other vested equitable title. Shear Co. v. Currie (C. C. A.) 295 F. 841; In re Rosenberg (D. C.) 4 F.(2d) 581; First State Bank of Amarillo v. Jones, 107 Tex. 623, 183 S. W. 874. The Texas decisions relied on by the appellants are of the latter sort. None of the cases cited above or in appellants' brief deals with the relative rights of an assignee of future rents and a trustee in bankruptcy or execution creditor, and we have no reason to suppose that the Texas law differs

from that of New York or further limits the rights of a trustee in bankruptcy.

■ Appellants' contention that article 5506 of title 90 of Texas Civil Statutes 1925 protects prior equitable rights against subsequent judgment creditors has no foundation. It plainly was not intended to create liens or regulate or determine priority as between different lienors. American Surety Co., etc., v. Bay City Cattle Co. (Tex. Civ. App.) 268 S. W. 247, 250.

■ We hold that the trustee was entitled to retain the $1,958.57 of subrents which accrued prior to February 1, 1933, because (1) under a proper interpretation of the clause of the lease in question these subrents were not pledged; (2) the lessor had done nothing to assert a claim to them until after the rights of the trustee had attached.

Order affirmed.