## (June 23, 1970)

■ NATIONAL BANK OF NORTH AMERICA, Respondent, v. TENGARD REALTY CORP. et al., Defendants, SAM KANOFSKY et al., Appellants, and STEPHEN DAVIS, as Receiver, Intervenor-Respondent.— Order entered February 4, 1970, unanimously reversed and vacated, on the law, motion by defendant fee owners to resettle the order entered December 3, 1969 granted, and cross motion by receiver to expand the receivership order and for other relief denied, all without costs and without disbursements. Appeal from ex parte order appointing receiver, entered December 3, 1969, dismissed without costs and without disbursements. The provision in the consolidation and extension agreement is for the assignment of "the rents, issues and profits of the premises as further security for the payment of said [mortgage] indebtedness" with a covenant that the party of the second part "agrees to use such rents, issues and profits in payment of principal and interest becoming due on said mortgage and in payment of taxes, assessments, sewer rents, water rates and carrying charges becoming due on said premises." It is noted that a mortgage "as it relates to the real property therein described is not an absolute conveyance, but a pledge of property as security for the debt" (*Sullivan* v. *Rosson,* 223 N. Y. 217, 224); where, as here, it is expressly provided that the assignment of rent is as "further security", the assignment "is of the like character as the conveyance of real property and not intended as an absolute transfer thereof." (*Sullivan* v. *Rosson, supra.*) As one commentator has said: "The courts regard rents assigned under such circumstances as part of the security pledged by the mortgage and subject to the same immunity as the mortgaged property itself until appropriate legal

proceedings have been initiated." (2 Wiltsie, Mortgage Foreclosure, [5th ed.], § 563, pp. 919, 920.) Therefore, the assignment of rents is not properly construed as an absolute assignment of all rents past and present, rather recovery is limited to a collection of those rents accrued and unpaid at the time of the receiver's appointment or thereafter becoming due. (38 N. Y. Jur., Mortgages and Deeds of Trust, § 128; *Womans Hosp. v. 67th St. Realty Co.*, 265 N. Y. 226; *Manufacturers Trust Co. v. Sadenet Realty*, 234 App. Div. 893; *Kane Assoc. v. Blumenson*, 30 A D 2d 127, 128, affd. 23 N Y 2d 942.) Concur — Eager, J. P., Capozzoli, McGivern and Markewich, JJ.