OPINION OF THE COURT
Leo F. Hayes, J.
This is an action to foreclose a fourth mortgage on premises known as the Yorkshire Apartments. On March 27, 1979, a receiver (hereinafter the Vecchiarelli receiver) was appointed. However two days prior to his appointment a Federal tax lien was filed. Pursuant to that lien, the Internal Revenue Service served a levy upon all the tenants of the Yorkshire Apartments. The levies required the tenants to pay their April rental payments (totaling some $12,000) to the Internal Revenue Service. The Vecchiarelli receiver took the position that the Internal Revenue Service was not entitled to the April rents, a position the district counsel for the Internal Revenue Service opposed. After extensive negotiations failed to resolve the question, the matter was brought before the Honorable Richard Aronson, Justice of the New York State Supreme Court, who ordered the Internal Revenue Service to turn over the disputed rents to the Vecchiarelli receiver.
*158 At the beginning of March, 1979, a default occurred in respect to payments due to the first mortgage holder, the Troy Savings Bank (hereinafter Troy). Troy notified the mortgagor, Garsal Realty, Inc., a month and a half later, on April 16, that the first mortgage loan had been accelerated. After another month and a half (May 25) Troy commenced a separate action to foreclose its mortgage lien. Finally, on July 18,1979, Troy had the Vecchiarelli receivership extended for its benefit. The Vecchiarelli receivership was thereupon terminated.
Presently before the court is a motion to approve the accounting of the Vecchiarelli receiver as well as Troy’s cross motion for an order directing the Vecchiarelli receiver to pay over his net proceeds to the Troy receivership. The question boils down to this: Who is entitled to the rents during the life of the Vecchiarelli receivership?* The junior lienholder, Vecchiarelli, says that he is entitled to the rents inasmuch as he collected them. The senior lienholder, Troy, says it is entitled to same by virtue of its superior interest in the property and because it also holds an assignment of rents.
In this area of the law diligence is the byword. Following default in their respective mortgages both lienholders had the opportunity to have a receiver appointed and rents collected. In this case the junior mortgagee, Vecchiarelli, availed himself of that opportunity forthwith whereas Troy, the senior lienholder, delayed several months before establishing its own receivership. There is no question that once Troy succeeded in establishing its own receivership (on July 18) its superior interest must be recognized. Once established, the Troy receivership became entitled to collect rents on its own behalf, including those that accrued but were uncollected prior thereto. (Wyckoff v Scofield, 98 NY 475; New York Life Ins. Co. v Fulton Dev. Corp., 265 NY 348.) The Troy receivership therefore is without question entitled to retain all rents it actually collected.
But the rents collected prior to July 18 by the Vecchiarelli receiver stand on a different footing. A mortgagee, even with an assignment of rents as additional security, is not entitled to rents and profits until he has reduced them *159 to possession. (New York Life Ins. Co. v Fulton Dev. Corp., supra.) A receiver appointed at the instance of one mortgagee acts on behalf of that mortgagee and not generally on behalf of all lienholders. (Sullivan v Rosson, 223 NY 217; Collins v Wallens, 143 Misc 329.) Therefore the senior mortgagee must either obtain the appointment of his own receiver or an extension of the junior receivership before rents may be collected for his benefit. (Sullivan v Rosson, supra; Kroehle v Ravitch, 148 App Div 54.) The senior mortgagee with a rent assignment has an equitable right to collect, but does not have legal title to rents automatically upon default. Rent is an incident of title which cannot be conveyed by a rent assignment clause in a mortgage prior to foreclosure. (Ganbaum v Rockwood Realty Corp., 62 Misc 2d 391.)
Troy argues however that it holds a separate instrument assigning rents in praesenti (immediately effective). Troy contends that under such circumstances it was not required to reduce the rents to possession to perfect its interest therein. The case of Harris v Taylor (35 App Div 462), which Troy heavily relies upon, is inapposite. There the court (p 466) reaffirmed the usual rule that a senior mortgagee obtains no right as against the receiver of a junior mortgagee. However, that rule was not applied in Harris because unlike the situation here, the assignment was intended by the parties to be absolute, unqualified and immediately effective. That is to say, the assignment did not merely create a future right which would spring into being upon a later default. An immediate right was established which was actually being exercised at the time the junior mortgagee set up his receiver. Rents were already being reduced to possession by the senior mortgagee, and that is the reason that he prevailed in Harris. (See Ganbaum v Rockwood Realty Corp., supra; see, also, Sullivan v Rosson, 223 NY 217, 226, supra.) Such is not the case here. The rent assignment specifically provided: “Anything herein to the contrary notwithstanding, it is understood and agreed that the consideration for this Assignment of Rents is also the making by the Mortgagee of the loan secured by said mortgage, that this Assignment of Rents *160 shall not be exercised until and unless a default shall occur.”
It is clear that this assignment was intended as secondary security which would operate in futuro. It is also clear that Troy had to exercise its rights in order to collect rents. At the time the Vecchiarelli receivership was established, and for months thereafter, Troy failed to exercise such a right. The fact that the assignment was accomplished in a separate instrument rather than in a clause in the mortgage is, under these circumstances, a matter not of substance. The court fails to see why Troy should be entitled to more than it otherwise would be simply because the assignment of rents was by a separate document, but for the very same consideration as the mortgage itself. Accordingly, the court will deny Troy’s motion to compel the Vecchiarelli receiver turn over its net proceeds to the Troy receivership. As stated before, the Troy receiver is entitled to all rents actually collected after July 18, including rents technically accruing prior thereto.
The court has considered the stipulation between the parties dated October 6, 1980. However, approval of the final account presented by the Vecchiarelli receiver, must await the resolution of factual issues, among them whether or not he acted prudently in his acquisition of certain washers and dryers and in negotiating insurance coverage on the subject premises. These issues are therefore referred to Trial Term.

 All other questions have been resolved by stipulation.