■ DEPAN, EICHENBERGER & KNOWLES, INC., Respondent, v GREENBRIAR PROPERTIES I et al., Defendants, and DOUGLAS R. WILLIAMS et al., Appellants. [607 NYS2d 177] —Crew III, J. Appeal from that part of an order of the Supreme Court (Rose, J.), entered February 24, 1993 in Broome County, which denied a motion by defendants Douglas R. Williams and

Binghamton Savings Bank for an order directing the receiver of certain commercial real property to make payments to them and for sanctions against plaintiff.

Thereafter, Greenbriar apparently experienced difficulties in repaying the bridge loan advanced by plaintiff, and in March 1985, as security for the loan, Greenbriar gave a note and mortgage to Robert Richardson (hereinafter the Richardson mortgage), plaintiff's president, who subsequently assigned the mortgage to plaintiff. Although periodic payments under the Richardson mortgage were voluntary, full payment was due on or before March 15, 1989 and the Richardson mortgage was expressly subordinated to encumbrances or other liens of record, i.e., the Williams mortgage. Greenbriar subsequently defaulted upon the Richardson mortgage but plaintiff took no action prior to December 31, 1990, the call date for the Williams mortgage, apparently believing that the property in question would be sold on that date and the bridge loan would then be repaid from the resulting proceeds. In October 1990, however, without plaintiff's knowledge or consent, Greenbriar and Williams entered into a modification agreement whereby the Williams mortgage was extended for an additional five years.

Plaintiff thereafter commenced this action seeking to foreclose upon the Richardson mortgage and alleging against Williams that the modification agreement prejudiced its rights as a junior lienor. Upon plaintiff's ex parte application, Supreme Court (Smyk, J.) appointed a receiver to collect all rents on the property during the pendency of the action. Under the terms of Supreme Court's order, the receiver was authorized, but not required, to make payments upon, *inter alia,* the Williams mortgage. Williams and Binghamton Savings Bank (hereinafter collectively referred to as defendants)

moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) and, further, sought an order directing the receiver to make payments upon the Williams mortgage and imposing sanctions against plaintiff. Supreme Court granted the motion to dismiss but denied the other requested relief. This appeal by defendants followed.

We affirm. In our view Supreme Court properly denied defendants' motion to compel the receiver to make payments upon the Williams mortgage. Before rents may be collected for their benefit, defendants, as the senior mortgagees, must obtain either the appointment of their own receiver* or an extension of the existing receivership *(see, Sullivan v Rosson,* 223 NY 217, 224-225; *Vecchiarelli v Garsal Realty,* 111 Misc 2d 157, 159). As to defendants' request for sanctions, although Supreme Court found that plaintiff failed to allege sufficient facts to sustain a cause of action for equitable subordination, the modification agreement nevertheless was a proper basis for asserting such a cause of action against defendants *(see, Shultis v Woodstock Land Dev. Assocs.,* 188 AD2d 234, 236-237). Accordingly, it cannot be said that Supreme Court abused its discretion in refusing to impose sanctions upon plaintiff.

Cardona, P. J., Mikoll, White and Weiss, JJ., concur. Ordered that the order is affirmed, without costs.

* It appears from defendants' brief that Williams has now obtained such an appointment.